[Civil No. 3902. Filed December 27, 1937.]

[74 Pac. (2d) 575.]

HERMON BOCHAT, Petitioner, v. PRESCOTT LUMBER COMPANY, Defendant Employer, THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

Mr. Robert DeWolf, for Petitioner.

Mr. Don C. Babbitt and Mr. Howard A. Twitty, for Respondents.

LOCKWOOD, J.—Hermon Bochat, hereinafter called petitioner, was injured on the 7th of January, 1937, by an accident arising out of and in the due course of his employment. He made report thereof to the Industrial Commission, and after various examinations and treatment, on the 29th of March, the commission made an award that he had suffered a temporary disability from January 9th to February 20th as a result of this accident. which entitled him to compensation in the sum of $99.04, which was duly paid him, but that any disability existing subsequent to the 20th day of February was not proximately the result of the accident in question. Petitioner, being dissatisfied with this award, asked for a rehearing, which was granted him, and on the 11th of June, the original award was affirmed, whereupon the matter was brought before us for review.

The record discloses the following facts: Petitioner, at the time of the accident, was in the employ of the Prescott Lumber Company. While shoveling snow from the roof of a lumber shed belonging to his employer he slipped and fell, suffering a back sprain therefrom, which, according to the evidence, had fully healed by the 20th of February. However, from ten to thirty days after he was injured, he noticed a pain or swelling on the right side of the abdomen. This swelling increased and became more painful until he was advised that an operation was necessary to relieve this condition. The physician who made the prelimi-

nary examination was of the opinion that the condition was not attributable to the injury, although there was a possibility that it might be. Both petitioner and his father were then fully advised as to the situation, and that it was imperative, for the relief of the condition, that he be operated upon; that if it appeared, after the operation, that his condition was caused, or aggravated, by the accident, the commission would assume full responsibility for all costs in the case, but that if it appeared the condition which required the operation was in no way attributable to his accident, he would have to bear the costs. Both petitioner and his father fully understood the situation, and decided that he should undergo the operation. This disclosed that petitioner's condition was due to a hydronephrosis, which is defined as being an accumulation of urine, distending the pelvis of the kidney and causing an atrophy of the kidney. Webster's New International Dictionary. The cause of this condition is some obstruction in the urinal passages. The operating physicians testified that the hydronephrosis was in such a condition that they were decidedly of the opinion that its existence long antedated the accident, and that it was not reasonable to believe that such accident in any way aggravated the petitioner's condition. The commission adopted this opinion as representing the true facts, and the award necessarily followed.

The only serious contention made by petitioner in urging that the award be set aside is that when the commission, being in doubt as to the cause of the condition of one who applies for compensation, requests that he submit himself to an operation for the purpose of determining the cause, it is but just that the commission should bear the expense of such operation and the loss of time necessarily caused thereby. There is much merit in the contention as stated, and if the facts, as they appear in the record, showed that the opera-

tion was made at the request of the commission, for the purpose of satisfying itself as to the cause of petitioner's condition, we would be inclined to hold that it was liable for the expenses caused by its request. But this is not the situation in the present case.

The petitioner, some ten to thirty days after the accident, developed a very serious condition, which the attending physicians believed at the time was not caused by the accident, but which required immediate surgical treatment for the purpose of saving his life. They also stated that such treatment might reveal whether or not his condition arose as a result of the accident, but that, regardless of what caused such condition, the operation was one of immediate necessity. The petitioner was informed of these facts, and that, if the operation showed that the accident did not cause his then serious condition, the commission would not be responsible for the expense, and, upon being thus advised, consented to the operation.

It is, of course, the law that the burden is on the petitioner to prove affirmatively, to the reasonable satisfaction of the commission, that his condition is the result of a compensable injury. The commission is not required to disprove his contention. The situation before the operation was that, on the evidence then available, the commission would have been bound to deny any request for further compensation than that which it had already awarded. It also appeared that, in order to save the life of petitioner, an operation was necessary, regardless of the cause of his condition. We think, on this state of the record, that the commission went as far as it had any right when it told petitioner that if, as a result of the necessary operation, it appeared that the accident complained of had caused or aggravated his condition, it would pay the expenses. Since the unanimous opinion of the operating physicians was that the accident

had nothing whatever to do with the condition which required the operation, the commission properly declined to award any further compensation.

The award is affirmed.

McALISTER,. C. J., and ROSS, J., concur.