186 P.2d 638

**TOOLEY v. WEISBARTH et al.**

No. 4967.

Supreme Court of Arizona.

Nov. 17, 1947.

Glenn Ginn and Ashby I. Lohse, both of Tucson, for petitioner.

James N. Corbett, of Tucson, for respondent-employee.

John R. Franks, of Phoenix (H. S. McCluskey, of Phoenix, of counsel), for respondent Industrial Commission.

UDALL, Justice.

This matter is before us on a writ of certiorari from an award of the Industrial Commission granting compensation and accident benefits to Garold G. Weisbarth as an employee of Joe Tooley, d. b. a. Joe Tooley Produce Company. The employer, who admittedly had more than three employees, had failed to comply with the insurance provisions of the Workmen's Compensation Act. Claimant initiated this proceeding under the provisions of sec. 56-947, A.C.A.1939, after having filed his election of remedy with the Commission as provided by sec. 56-949.

After a hearing, the Commission made findings and an award to claimant on October 8, 1946, whereupon the employer asked for and was granted a rehearing at which time evidence was taken. Thereafter on January 10, 1947, the Commission announced its decision upon rehearing and entered an order affirming its previous findings and award. It is this last order which is now brought before us for review.

The employer makes but two assignments of error: (1) That the evidence is insufficient to support the Commission's award based upon its findings to the effect that the injured employee sustained personal injuries in an accident arising out of and in the course of his employment. (2) That the evidence is likewise insufficient to support the finding that the employee was actually in the employ of said employer at the time he is alleged to have been injured. No question is raised as to the extent of injury, the amount of the award, or the Commission's jurisdiction to enter the same provided he was an employee and the accident and injury arose out of and in the course of employment.

For more than a year prior to the accident in question the claimant had been in the employ of the Joe Tooley Produce Company as a truck driver and deliveryman. The normal summer working day extended from 6 a. m. until about 3 p. m. The accident in question occurred on August 15, 1946, at approximately 5 p. m. in front of the employer's residence.

It becomes necessary to relate in some detail the occurrences of that afternoon. At 2:30 p.m., Mrs. Tooley (the employer's wife who was then running the business) directed claimant Weisbarth to make a delivery to Doyle's Steak House on East Broadway two or three miles from the center of Tucson. After that delivery, claimant proceeded to pick up empty crates or boxes from customers scattered over a wide area and he was thus engaged until about 4 p. m. when he was involved in a collision with one Albert Block near the intersection of Broadway and Stone. Mr. Block's car was slightly damaged, and claimant Weisbarth told him that as his employer's truck was insured, doubtless his employer would effect an amicable settlement. For this reason he requested Block to accompany him to the Tooley residence. Both vehicles were then driven to the Tooley residence and Mrs. Tooley was told of the accident. Mrs. Tooley was unable to pacify Mr. Block into waiting for an insurance adjustment and when she refused to agree to his demands for an immediate $25 cash settlement he went to a nearby service station and called the police. He then took the keys to the Tooley truck. At this point some conflict appears in the testimony. But taking the facts, as they must be taken, in the light more favorable to sustaining the award, Mrs. Tooley instruct-

ed the claimant to recover the keys. In obeying this order to protect his employer's property he went over to Block's car to get him to give back the keys. While thus engaged the police car approached whereupon, without warning, Block started his car diagonally across the street with claimant Weisbarth standing on the running board and holding onto the car window. A sudden swerving of the car broke the glass to which Weisbarth was clinging, throwing him onto the pavement and causing the injuries for which this award was made. Claimant maintains that up to the time of his injury, he was discharging his duty as an employee of the company.

Respondent-employer, on the other hand, relies on this additional evidence adduced at the hearing. Claimant's sole duty in finishing the day's work was to make the delivery to Doyle's Steak House which could readily have been completed at 3 p. m. He positively denies having given Weisbarth any instructions to pick up empty crates on the return trip. He brings out the fact that it was customary and that he had given permission to claimant to park the truck at his own residence at night. Finally, that when Block and Weisbarth returned to the Tooley residence after the collision but before the accident in question, in Mrs. Tooley's words these things transpired: "I got up and said to him, 'What is the matter', and he said, 'I just had an accident.' Well, he said 'accident',

and I looked at him and he looked like he had been drinking, and I said, 'Well, Garold, I am through with you; you have caused me plenty of grief,' and just as I said that the other man comes in." Mrs. Tooley further testified that she requested her son Jimmy and not the claimant to recover the keys to the truck. And that after the above quoted remarks had been made, claimant went to the truck and removed therefrom his personal effects including a box of groceries and placed them on the Tooley porch.

The respondent-employer contends that the evidence, taken as a whole, clearly establishes, and the Commission should have found, that the injury to claimant did not occur in an accident arising out of and in the course of his employment. That as a matter of fact he was not even an employee of theirs when this occurred. The employer's contention is predicated upon this line of reasoning: As a matter of law the day's work for claimant, on August 15, ceased when he performed the last act of benefit to the employer, which act was the delivery of the order to the Steak House. He was then free to go directly home. At most the final act would be reporting the automobile collision with Block to his employer. Furthermore, when claimant drank intoxicating liquor on the job that day he was automatically discharged by having violated his employer's strict rules in respect thereto. Finally, in any event, he had

prior to the accident been "fired" by Mrs. Tooley informing him that "I am through with you".

It is the law in Arizona that the burden of proving that an injury arose out of and in the course of the injured person's employment rests upon that employee. Bochat v. Prescott Lumber Co., 51 Ariz. 97, 74 P.2d 575; Egelston v. Industrial Commission of Arizona, 52 Ariz. 276, 80 P.2d 689. But findings of fact, once made, are entitled to the same treatment on review as those of a trial court and will be presumed correct where evidence is conflicting. Federal Mut. Liability Ins. Co. v. Industrial Commission, 31 Ariz. 224, 252 P. 512; Blankenship v. Industrial Commission, 34 Ariz. 2, 267 P. 203; Matter of Mitchell et al., 61 Ariz. 436, 150 P.2d 355. Finally, although the facts to sustain or deny an award must be fairly weighed by the Commission, the Act itself is remedial and its scope is to be liberally construed. Krupp v. J. C. Penney Co., 51 Ariz. 228, 75 P.2d 692; Ocean Accident & Guarantee Corp. v. Industrial Commission, 32 Ariz. 265, 257 P. 641; Kress & Co. v. Industrial Commission, 38 Ariz. 330, 299 P. 1034; Matter of Mitchell et al., supra.

Considering the facts of the case at bar, there can be no question but that the employee was attempting to secure the return of the truck keys as a part of his employment. It was not a personal adventure of his own unrelated to his job. Nor is there any conflict about the fact that Mrs. Tooley said "Get the keys" in the employee's presence and made no move to stop him as he set about to execute this order. There is conflicting testimony both as to whether this order was directed to the employee or to Mrs. Tooley's son, and as to whether Mrs. Tooley had discharged the employee prior to this order.

"Where an employee is requested by his employer to return to and do 'a service outside his regular duty' the sole purpose of which was to help his employer in the latter's business, a different rule applies, and the employee is then on a special errand. The special request for unusual service is the decisive factor which brings the employee * * * in the course of rendering a service for the employer. In all these cases, confusion is avoided if the test be applied, 'was the employee at the time rendering service for the employer within the meaning of the act' ". 1 Campbell on Workmen's Compensation, sec. 184, p. 173.

Practically none of the witnesses in the present case were wholly disinterested. The claimant's version of the happenings leading up to his injury, coupled with other evidence offered by him in support thereof, was evidently believed by the Commission. It is amply sufficient to support the award. Applying the principles of law set forth supra, the questions of credibility and weight as well as the inferences to be drawn from the circumstances were mat-

ters to be decided by the Commission and not by this court.

We cannot say that the Commission acted arbitrarily or that its conclusions are either unsupported or unreasonable. The award is affirmed.

STANFORD, C. J., concurs.