217 P.2d 589

JONES v. INDUSTRIAL COMMISSION

et al.

No. 5317.

Supreme Court of Arizona.

April 25, 1950.

William D. Lyerle, of Tucson, attorney for petitioner.

Robert E. Yount, Industrial Commission, Phoenix, H. S. McCluskey and Donald J. Morgan, Phoenix, of counsel, for respondent.

PHELPS, Justice.

This is a proceeding in certiorari in which petitioner seeks a reversal of the findings an award of the Industrial Commission denying him compensation for injuries suffered which he claims resulted from an accident arising out of and in the course of his employment.

The facts are that on June 15, 1949 and for about nine weeks previous thereto petitioner was employed as a farm laborer by Helena S. Rascob who was engaged in farming operations in Pima County. During the period of petitioner's employment he did some carpenter work and assisted in baling hay a couple of days, during which time he sustained certain bruises to the anterior portion of his legs above the knees. This occurred in May, 1949. But petitioner was primarily engaged during his employment in irrigating summer crops being grown on said farm lands.

The evidence disclosed that while irrigating, his feet were wet most of the time. The evidence further disclosed that petitioner was and had been for some time afflicted with arterio sclerosis which is an abnormal thickening and hardening of the walls of the arteries damaging the lining of these vessels.

Petitioner's vascular disorder had not reached an advanced stage and the nature of the affliction was unknown to him until informed by doctors who were in attendance upon him after the occurrence on June 15th of a blood clot in an artery on the back of the right leg just below the knee. The doctors were unable to dissolve the blood clot and a gangrenous condition developed necessitating the amputation of the right leg between the knee and the hip. Petitioner's application for compensation was denied by the commission upon the ground that his injury was not the result of an accident arising out of and in the course of his employment.

To entitle an injured employee to compensation under the Workmen's Compensation Act, A.C.A. 1939, § 56-901 et seq., three things must concur: (1) the injury must be the result of an accident; (2) it must have arisen out of his employment and (3) it must have arisen in the course of his employment. We have so often made this pronouncement that citation of authorities to support it is unnecessary. Equally well established is the rule that if an injured person is suffering from a disease at the time the accident occurs and the disease is aggravated thereby the injury is compensable.

With these principles in mind let us see whether petitioner's claim can be sustained. There can certainly be no doubt but that petitioner suffered a blood clot in an artery back of the knee of his right leg while in the course of his employment. The spasm resulting from the blood clot occurred within ten to thirty minutes after he quit work on June 15th and according to medical testimony formed as the result of lowered temperatures of the lower extremities of the body due the necessity of wading in the water. There is further no doubt that the blood clot from which petitioner suffered arose out of his employment. There is no dispute in the evidence that petitioner was on June 15th and for some time previous thereto suffering from arterio sclerosis, nor is there any dispute in the evidence that his exposure to lowered temperatures as the result of irrigation work aggravated his affliction and was a contributing factor to the blood clot.

The only question then which remains to be determined is: Was the injury suffered by petitioner the result of an accident?

The evidence is in conflict as to whether the bruises suffered by petitioner in May contributed to the blood clot in

petitioner's leg. Dr. Stevens says it did. Drs. Dixon and Manning say it did not. Dr. Manning testified that it might have sensitized the blood vessels of the leg so they would respond more rapidly to anything that would produce spasm and could have contributed to the chain of events leading up to the blood clot while Dr. Dixon is of the opinion that it could not have done so because it affected a different set of arteries to that in which the blood clot occurred. There being a conflict in the evidence on this question we will not disturb the finding of the commission.

■ Was there any accident, any unforeseen, unexpected happening or event to which we may ascribe the blood clot? Under the rule laid down in Pierce v. Phelps Dodge Corp., 42 Ariz. 436, 26 P.2d 1017, 1020, the cause and the result are not to be confused in attempting to interpret the language "injured * * * by accident." In that case the court used the following language which we adopt: "It is obvious that while 'injured' always implies a result, the word 'accident' may mean either a cause or a result, and which it is must be determined by the context. The preposition 'by,' which is found between the word 'injured' and the word 'accident,' supplies the answer. Used as it is, it can only mean 'by medium of, in consequence of, or through the agency of,' and the 'accident' is therefore the cause of the injury * * *."

■ Measured by the above rule, and we believe it to be entirely correct, we can find nothing in the evidence in the instant case of any unforeseen, unexpected happening or event which resulted in a blood clot forming in the arteries in petitioner's right leg. The only unforeseen, unexpected happening or event was the forming of the blood clot which was a result, not a cause. The cause was the lowered temperature of the surface of the feet or lower extremities of the legs produced by petitioner's wading in irrigation water and having wet feet over long periods of time. Nothing occurred subjecting him to any special exposure in excess of that of any other employee engaged in irrigating crops. Petitioner fully expected to wade in water in the performance of his duties as an irrigator. He expected to get his feet wet because of the known condition of the surface of the land being irrigated. Therefore the efficient proximate cause of the injury cannot be said to be an accident and it follows that the injury of which petitioner complains did not arise out of an accident. Until the law is amended to provide for compensation, without the happening of an accident, for injuries suffered by an employee arising out of and in the course of his employment and flowing directly and proximately therefrom the commission is powerless to award compensation in such cases.

The award must be affirmed.

La PRADE, C. J., and UDALL, STANFORD and De CONCINI, JJ., concur.