258 P.2d 818

SCHWIETERMAN v. INDUSTRIAL COMMISSION et al.

No. 5720.

Supreme Court of Arizona.

June 29, 1953.

Wade Church, of Phoenix, for appellant.

Robert W. Pickrell, Phoenix, Perry M. Ling, Robert E. Yount and Donald J. Morgan, Phoenix, of counsel, for respondent Industrial Commission.

PHELPS, Justice.

Petitioner challenges by certiorari in this court the findings and award of the Industrial Commission denying him compensation for injuries he claims he sustained by an accident arising out of and in the course of his employment with the Kruft Jersey Dairy.

The facts are that petitioner was employed by the defendant dairy and charged with the duty of distributing milk to its customers in the vicinity of Phoenix. This distribution was made by motor truck belonging to the dairy and driven by petitioner. On the morning of February 12, 1950, petitioner was driving into the driveway of a customer for the purpose of making a delivery of milk when the front wheels of the truck suddenly sank into a recently filled trench across the driveway made soft by reason of rainfall. The front axle of the truck came to rest on the edge of the trench and the impact therewith was so violent that it caused a number of

cases of milk stacked across the bed of the truck behind petitioner to pitch forward breaking the chain holding them back and permitting them to fall upon and against the lower part of petitioner's back. Petitioner claims that he then and there sustained an injury to an intervertebral disc which later, on June 26, 1950, was relieved by surgery.

The evidence concerning whether petitioner promptly reported the injury to his employer is in conflict. In any event the employer made no report of such accident or injury to the commission until January 19, 1951, and claims that it was never informed of such injury. C. E. Kistner, foreman for the dairy to whom petitioner testified he made a verbal report, denied that such report had been made and stated that he had no recollection of petitioner telling him that he wanted to file a report of the accident with the Industrial Commission. He further testified that he knew nothing about the truck getting stuck in the trench until after petitioner's return to Arizona following the operation.

Petitioner went to Dr. Donald G. Carlson on March 6, 1950, and complained of pain in the left sacroiliac area with the pain extending down his left leg. He stated to the doctor that he thought this pain was brought on and also aggravated by continual jumping out of the milk truck. He gave Dr. Carlson no history of any previous injury which may have brought on his condition and did not mention the accident of February 12th. Dr. Carlson referred the case to Dr. Lytton-Smith, an orthopedic surgeon of Phoenix. Dr. Lytton-Smith suggested traction be applied and referred him to Dr. John A. Eisenbeiss. Dr. Eisenbeiss diagnosed the ailment of which petitioner complained as a discogenic disease with an S-1 radiculitis (ruptured disc) and insisted that petitioner go into the hospital for x-ray examination. Petitioner, instead of going into a Phoenix hospital, continued with his work as he was able until he returned to Ohio around June 6 of that year and entered a hospital there where he was operated upon. The operation performed on June 26 disclosed a herniation of the fourth lumbar disc, left side.

Petitioner stated to Dr. Eisenbeiss that some four years previously he had a similar occurrence of back pain without the leg pain and at that time it was diagnosed by doctors as lumbar arthritis. Dr. Eisenbeiss testified at the first hearing in this case and as a part of such testimony, stated that it was likely that the diagnosis made four years previously diagnosing petitioner's ailment as lumbar arthritis was wrong and that he probably had a disc condition at that time. He stated as a reason for this opinion that a 33-year old man (that being petitioner's age at that time) does not as a general rule have lumbar arthritis unless there were other symptoms and findings that go along with it. Based on the hypothesis that his difficulty four years previously was due to an injured disc, Dr. Eisenbeiss stated that a more or less minor twist-

ed injury as on the truck could have brought it to a head where it became of a surgical nature. He also stated that the accident of February 12 could have caused the disc injury if petitioner "were thrown into flexion or thrown into a certain position".

Petitioner filed, within the year allowed by law, a claim with the commission on January 10, 1951. After hearing a number of witnesses, including petitioner, compensation was denied on the ground that there was no evidence of an injury received by petitioner by accident arising out of and in the course of his employment. The commission concedes that the accident by which petitioner claims to have been injured did arise out of and in the course of his employment but asserts that there is no evidence in the record that such injury was the result of that accident. That is the question presented here for our determination.

■ As we have stated above, the commission found the issues against petitioner. The burden is upon petitioner to prove to the reasonable satisfaction of the commission that his condition resulted from a compensable injury. Bochat v. Prescott Lumber Co., 51 Ariz. 97, 74 P.2d 575. This means simply that he must prove (1) that the injury complained of was the result of an accident; (2) that it arose out of his employment; and (3) that it arose in the course of his employment. Jones v. Industrial Commission, 70 Ariz. 145, 217 P.2d 589.

■ Let us see if petitioner has sustained that burden of proof. His testimony is the only positive evidence that the injury to the fourth lumbar vertebral disc did occur on February 12, 1950. Under the rule laid down by this court the commission is at liberty to disregard petitioner's testimony (he being an interested witness), unless corroborated by a disinterested witness. Emery v. Industrial Commission, 69 Ariz. 87, 210 P.2d 217.

The witnesses Mrs. Kemp and Mrs. Clippel who heard the noise produced by the falling cases of milk and broken glass resulting therefrom, testified they immediately looked out of their respective windows and saw the truck bogged down. This corroborated the fact as testified by petitioner that an accident did occur arising out of and in the course of his employment. Mrs. Kemp also testified that he told her he thought he had hurt his back and she stated that he seemed to stagger when he stepped down out of the truck. While this does not corroborate the fact that the disc was ruptured at that time, it does corroborate the fact that petitioner was injured to some extent as a result of that accident and suffered some pain therefrom. It was sufficient for petitioner to show that the accident of February 12 caused the rupture or herniation of the disc or aggravated a herniation of previous existence. He met the requirements of the law relating to the burden of proof if the evidence as a whole shows either a new

injury or an aggravation of a previous injury to such disc as was somewhat vaguely intimated by Dr. Eisenbeiss. His proof established one or the other, hence he was entitled to compensation.

At the time petitioner called on Dr. Eisenbeiss his diagnosis was that he was suffering from a herniated disc. Dr. Lytton-Smith evidently reached the same conclusion as he suggested traction for petitioner. The operation by Dr. Hochwalt on the following June 26 upon petitioner definitely established the fact that he had a herniated disc, thus confirming the diagnosis of Dr. Lytton-Smith and Dr. Eisenbeiss that he was suffering from a herniated disc, shortly after the accident occurred. Petitioner stated to Dr. Eisenbeiss that he first noted the back pain in the second week of February which was gradual in onset and increased in severity and that the pain extended to his left leg.

The testimony of C. E. Kistner, foreman for the employer Kruft Dairy, to the effect that petitioner's condition was a "prevailing condition that he had had for a long time while he was with us" tends to corroborate Dr. Eisenbeiss' suggestion that petitioner could have been suffering from a diseased disc four years previously instead of from lumbar arthritis as diagnosed by Ohio doctors. Mr. Kistner's testimony certainly does not negative petitioner's statement that he suffered an injury on February 12. It is sufficient if such injury resulted in an aggravation of some previous injury to his back. We believe the corroboration in this case as to the injury is sufficient to take it out of the rule to which reference is made in Emery v. Industrial Commission, supra.

■ Petitioner's failure to tell Doctors Carlson and Eisenbeiss of the accident of February 12 is immaterial insofar as the issue here is concerned. The commission has found that petitioner did have an accident on that date arising out of and in the course of his employment. This indicates to us that it did not consider his failure to disclose that fact to the doctors was of any importance so far as the fact that there was an accident on February 12 is concerned.

■ The failure of petitioner to promptly file his claim with the commission and his failure to report the matter to his employer and that he continued to work until June 6, are circumstances which were properly considered by the commission but we do not believe they justified the conclusion reached by it nor do we believe that these circumstances created a conflict in the evidence binding upon this court. We believe that it would be asking too much of a layman to diagnose such an injury. He filed his claim with the commission within the statutory period and no fault can be found with that delay.

[5] We are of the opinion that the only conclusion or inference that can be properly drawn from the record in this case is that petitioner's herniated disc condition

was either caused or aggravated by the accident of February 12.

Award set aside.

STANFORD, C. J., and LA PRADE, UDALL, and WINDES, JJ., concurring.