281 P.2d 113

**William R. LAWRENCE, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, and The American National Insurance Company, Respondents.**

No. 5884.

Supreme Court of Arizona.

March 8, 1955.

Arthur M. Johnson and Albert H. Mackenzie, Phoenix, for petitioner.

John R. Franks, Phoenix, for respondent Industrial Commission of Arizona.

Donald J. Morgan, Robert K. Park, Phoenix, and John F. Mills, Prescott, of counsel.

LA PRADE, Chief Justice.

Appeal by certiorari from an award of the Industrial Commission finding that petitioner's injuries did not arise out of and in the course of employment. Petitioner states that the award is contrary to law and not supported by the evidence.

The facts are these: Respondent-employer, the American National Insurance

Company, maintains two sales districts in Arizona which have their head offices in the cities of Tucson and Phoenix respectively. Petitioner sold insurance in the Globe, Arizona area under the direction of Mr. R. M. Bradshaw, the local manager. The Globe office of employer's business is within the Phoenix district. In the spring of 1953 the two districts planned a sales contest by which employees could qualify for a free luncheon in Tucson, Arizona. The luncheon was designed to give recognition to successful salesmen and serve as an opportunity for informal talks on selling and sales technique. The Commission has correctly characterized the luncheon as a mixed business and social event.

Petitioner sold a sufficient amount of insurance under the contest and was qualified to attend the luncheon to be held in Tucson on May 9, 1953. On that morning petitioner drove himself and Mr. Bradshaw to Tucson. They visited the Tucson office of the employer's business and then went to the Elks Club where the district directors had scheduled the luncheon. The various employees participating in the event fraternized, lunched, and then heard informal speeches on the subject of sales by successful salesmen and officers of the employer's business. At approximately 2 p. m. the speeches ended and the employees were free to do as they wished. Many of those present remained in the Elks Club throughout the afternoon, becoming better acquainted and discussing their business activities. Petitioner and Mr. Bradshaw left the meeting at approximately 5 p. m. The two men spent a short time shopping in Tucson and then commenced the return trip to Globe At approximately 8:30 p. m. petitioner's automobile was involved in a collision on the highway east of Florence Junction, Arizona, in which petitioner was injured. On these facts the Industrial Commission concluded that petitioner's injuries were not received in the course of employment and denied compensation. Petitioner appeals from this award.

█ The sole issue presented by this case is whether petitioner was injured in the course of his employment. The question is one of law rather than fact because the facts are not in dispute. Goodyear Aircraft Corporation v. Industrial Commission, 1945, 62 Ariz. 398, 158 P.2d 511. The Commission supports its determination by five contentions which, they assert, prove that petitioner was not in the course of his employment.

█ The Commission contends first that the luncheon in Tucson was not in petitioner's course of employment because the employer derived no economic benefit from the luncheon and therefore it was a voluntary social event. The theory of this contention is that assuming the sales contest to be within the course of employment the benefit to the employer was by way of sales and all such sales had been made previous to the luncheon, and that since the luncheon cul-

minated the contest it possessed no business purpose. We cannot agree. The luncheon and program in Tucson cannot be considered as isolated from the employer's business contest. The program in Tucson was the goal of the sales contest, without the luncheon the contest would have been pointless. The luncheon was an integral part of the business plan and there is no basis upon which it may be divorced from the contest as the Commission contends. We find no merit in this argument.

The next contention of the Commission is that petitioner was not compelled to attend the luncheon and therefore his actions were voluntary and for a personal purpose. In presenting this argument the Commission distinguishes between the "encouragement" petitioner received to attend the luncheon from his superior, and "active compulsion" which the Commission failed to find. The degree of pressure which the employer must be shown to exert in order to find that he directed an employee in a given action must not be a requirement which ignores the realities of business. The superior position of the employer permits compulsion to be exerted indirectly. While a suggestion or encouragement may be substituted for the command it would be unrealistic to fail to recognize that the force of such substitutes may equal that of an express order. The employer's position of advantage requires that this be acknowledged if responsibility is to be commensurate with directive author-

ity. However, the case at bar presents no occasion to hold that the "encouragement" petitioner received constituted direction. On the facts established by the Commission the luncheon was an integral part of employer's business plan. Under the plan compulsion, in the sense referred to by the Commission, was unnecessary. The success of the contest was dependent upon incentive which obviated the need for active compulsion. Whether the employer chooses to motivate his employees by compulsion or incentive the result is the same, the advancement of the employer's business. We find no merit in the contention that the technique of employer direction defines the course of employment.

The Commission next argues that petitioner was not injured in the course of his employment because he was never reimbursed for the expenses incurred in driving to Tucson, and that this demonstrates that petitioner was following a personal pursuit. The Commission found that the directors and supervisors expected to pay the travel expenses of participating employees but that petitioner had never been paid. The Commission's view appears to be that if an employee pays the expense of some activity, that activity is not in the course of employment. We cannot agree. The activities of the employee under the direction of the employer determine the course of his employment, not the method in which expenses are paid. Petitioner was participating in his employer's plan to increase sales; that he

paid for the travel expense he incurred in serving the employer is of no consequence.

The next contention of the Commission is that petitioner was not in the course of his employment because the employer did not sufficiently control the luncheon program. The Commission rests this conclusion on the fact that the proceedings were informal, no roll call was taken, and the speakers' program was informal. While the Commission found that the district directors scheduled and paid for the luncheon they would appear to demand a rigorous formality upon which to conclude that an activity is employer controlled. This is incorrect. It was not unreasonable to dispense with a roll call and extreme formality in the type function planned by the employer. The theory of the program was to recognize and reward successful salesmen, and it was conducted in a manner consistent with this view. Moreover, we fail to find a basis upon which to accept the Commission's assumption that informality by necessity contradicts a finding that petitioner was in the course of his employment. There is no requirement that every facet of employment be onerous.

■ The Commission next argues that petitioner's injuries did not arise out of his employment. It is contended that the luncheon in Tucson did not subject petitioner to the risks of traffic. This contention proceeds from a narrow view of petitioner's course of employment. Participation in the Tucson program was state-wide. Those agents, as petitioner, not located in Tucson, were required by the plan to travel to Tucson. The course of petitioner's employment not only included the event in Tucson but also the trip required by employer's plan, Ocean Accident & Guarantee Corporation, Limited, v. Industrial Comm., of Arizona, 1927, 32 Ariz. 265, 257 P. 641, and petitioner's injuries arose directly from the risks of travel. Butler v. Industrial Commission, 1937, 50 Ariz. 516, 73 P.2d 703.

■ The final assertion of the Commission is that petitioner had deviated from the course of his employment when injured. This contention is based on the theory that the time difference between the luncheon at 2 p. m. and the accident at approximately 8:30 p. m. is so great as to constitute a deviation in law. We cannot agree. Petitioner was not required to leave the luncheon immediately after the meal. Many employees, including petitioner and Mr. Bradshaw, remained throughout the afternoon. This was in violation of no order, express or implied. Petitioner and Mr. Bradshaw left the meeting at about 5 p. m. and within a short time commenced the return trip directly toward Globe. We find no basis on these facts to find deviation in point of time. See Sherrill & LaFollette v. Herring, 78 Ariz. 332, 279 P.2d 907.

The award of the Commission is set aside.

UDALL, WINDES, PHELPS and STRUCKMEYER, JJ., concur.