371 P.2d 1018

Ray COFFEE, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Cochise County Board of Supervisors (Cochise County Sheriff), Respondents.

No. 7398.
Supreme Court of Arizona.

In Division.

June 6, 1962.

Beer, Seaman & Polley by Alan K. Polley, Phoenix, for petitioner.

Donald J. Morgan, Phoenix, Edward E. Davis, C. E. Singer, Jr., Lorin G. Shelley, and Ben P. Marshall, Phoenix, of counsel, for Industrial Commission of State of Arizona.

UDALL, Vice Chief Justice.

By certiorari we here review an award denying compensation for injuries sustained by petitioner while competing in a team roping event at the Cochise County Sheriff's Posse Rodeo in Benson, Arizona on Sunday, January 31, 1960.

In January of 1959 petitioner, Ray Coffee, was appointed a deputy sheriff of Cochise County. In August of the same year Sheriff Charlie Stewart encouraged and partici-

pated in the organization of the Cochise County Sheriff's Posse. The posse, a private corporation, was composed of local citizens as well as several of the sheriff's own deputies.

According to Sheriff Stewart the posse was organized to provide a readily available group of men to act as a *posse comitatus* in such emergencies as fire fighting and rescue operations, reduce juvenile delinquency and, in general, to engender better relations between the citizenry and the sheriff's office.[1]

Each of the posse members paid a $25 initiation fee and monthly dues of $1. The individual members owned their horses and equipment; roping stock was owned by the "Cochise County Sheriff's Posse, Inc." The organization itself received no financial support from the county.

To promote "organizational unity" and morale the posse staged junior rodeos, picnics and regular monthly roping events. Petitioner, who is still a member of the posse though no longer a deputy sheriff, was injured during the course of one of these Sunday roping events. The commission found, *inter alia,* that:

"The applicant did not suffer any injury by accident arising out of and in the course of his employment with Cochise County, but in fact suffered

1. Sheriff Stewart also admitted that: "To be perfectly honest about it, it would create better good will for the coming election."

an accident while engaged in activities solely connected with a private corporation."

On appeal, therefore, the sole question presented is whether the commission erred in determining that petitioner's injuries did not arise " * * * out of and in the course of his employment." [2] Petitioner contends that he was directed by the sheriff to participate in the riding events and that therefore such activities were incidental to his duties as a deputy sheriff.

■ On appeal from an award denying compensation petitioner must show affirmatively his right to recover. E. g., Application of Barrett, 78 Ariz. 219, 221, 278 P.2d 409, 410 (1954). To do so in this case petitioner must establish that his employer, Cochise County, acting through Sheriff Stewart, compelled petitioner to engage in the recreational activity (roping events) to the extent that such activity was thereby included within the ambit of petitioner's employment.

■ This court has recognized that an employee's scope of employment can be enlarged at the instance of his employer. Pridgen v. Industrial Commission, 70 Ariz. 149, 217 P.2d 592 (1950).[3] And this principle applies as well where the activity

which the employer directs his employee to engage in is recreational or social in nature. Cf., U. S. Fidelity & Guaranty Co. v. Industrial Commission, 43 Ariz. 305, 30 P.2d 846 (1934); Ocean Accident & Guarantee Corp. v. Industrial Commission, 32 Ariz. 265, 257 P. 641 (1927). See generally Notes at 34 Ind.L.J. 310, 321 (1958–59) and 23 U.Chi.L.Rev. 328 (1956).

■ We are also mindful of the fact that "the superior position of the employer permits compulsion to be exerted indirectly." Lawrence v. Industrial Commission, 78 Ariz. 401, 404, 281 P.2d 113, 115 (1955). Nevertheless it does not appear from the evidence presented the commission that, as a matter of law, Cochise County compelled petitioner to engage in the monthly ropings and other events sponsored by the privately organized posse. Therefore, and without reaching the question whether Sheriff Stewart had the authority to include such activities within the ambit of petitioner's employment with the county, we hold that the commission was justified in finding that petitioner did not suffer his injuries " * * * out of and in the course of his employment." Accordingly, the award is affirmed.

BERNSTEIN, C. J., and JENNINGS, J., concur.

2. A.R.S. § 23–1021 (1956).
3. In Pridgen an award denying compensation to the widow and daughter of a glazier, killed while performing tasks at his employer's private cattle ranch, was set aside. See also Tooley v. Weisbarth, 66 Ariz. 230, 186 P.2d 638 (1947); Holloway v. Industrial Commission, 34 Ariz. 387, 271 P. 713 (1928).