376 P.2d 778

Ivan JONES, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and White Mountain Apache Tribe, Respondents.

No. 7631.

Supreme Court of Arizona.

En Banc.

Dec. 12, 1962.

**316**

Harry Bagnall, Coolidge, for petitioner.

Laurence Davis, Phoenix, for respondent The Industrial Commission of Arizona. Donald J. Morgan, C. E. Singer, Jr., Lorin G. Shelley, Ben P. Marshall, Phoenix, of counsel.

JENNINGS, Justice.

By certiorari petitioner seeks review of an award of the Industrial Commission denying him compensation for injuries sustained in a calf roping contest.

Petitioner, Ivan Jones, was employed as a "stockman" by the Carrizo Livestock Association, a division of the White Mountain Apache Tribe. His contract of employment provided that the Association could discharge him upon two weeks written notice. On July 17, 1961 petitioner received notice of termination by letter dated July 7, 1961 but postmarked July 14, 1961. On July 26, 1961 petitioner moved out of the Association's house at Carrizo and surrendered the equipment and keys belonging to the Association. After taking the last load of his belongings to his new home at Lakeside petitioner returned to Show Low, at the request of his son-in-law, to do some calf roping at an arena leased by his son-in-law. While "heeling" a calf, petitioner's horse fell and rolled on him breaking his leg.

Petitioner filed a claim for compensation with the Commission. An award was made denying him compensation on the ground that petitioner "did not sustain an accident arising out of and in the course of his employment". This award was affirmed on rehearing.

Petitioner contends that his participation in roping contests was for the purpose of keeping his horses in good condition and that such action on his part was for the benefit of his employer since the use of a horse was a necessary and integral part of the work which petitioner had been hired to do. He therefore argues that his injury did arise out of and in the course of his employment and that the Commission erred in denying him compensation.

While employed by the Carrizo Livestock Association petitioner's duties included taking care of the range, i. e., looking for screwworms, moving the cattle back and forth to summer ranges and seeing about water, and participating in roundups in the spring and fall of each year. His duties were performed mostly by truck and except during roundup time petitioner never used his horses much for anything. Petitioner testified that roping was a hobby of his and that although the Association had not authorized him to enter roping contests

they had never objected to his doing so on weekends. The arena at Show Low, where petitioner was injured, was not owned or leased by the Carrizo Livestock Association nor was it encompassed within their premises. Jack Penrod, lessee of the arena and son-in-law of petitioner, had no connection with the Association.

In order to set aside an award of the Commission denying compensation it must appear that upon no reasonable consideration of the evidence could the Commission have reached its conclusion. Helmericks v. Airesearch Mfg. Co. of Arizona, 88 Ariz. 413, 357 P.2d 152 (1960). It is apparent from the evidence presented to the Commission in the instant case that petitioner's participation in the roping contest, where he was injured, had no relation to his employment.[1] Hence, the Commission was justified in finding that petitioner "did not sustain an accident arising out of and in the course of his employment".

The award is affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and JENNINGS, STRUCKMEYER and LOCKWOOD, JJ., concurring.

---

[1]. The case at bar is not unlike Coffee v. Industrial Commission, 91 Ariz. 290, 371 P.2d 1018 (1962) wherein we held that an injury sustained by petitioner, a deputy sheriff of Cochise County and a member of the Cochise County Sheriff's Posse (a private corporation which the Cochise County Sheriff encouraged and participated in the organization of "to promote 'organizational unity' and morale") while competing in a team roping event at the Cochise County Sheriff's Posse Rodeo was not compensable as arising out of and in the course of his employment with Cochise County.