422 P.2d 402

**Ebbie P. JETER, Petitioner,**

**v.**

**The CUDAHY PACKING COMPANY,
Respondent Employer,**

**The Cudahy Packing Company, Respondent
Insurance Company.**

**No. 1 CA–IC 65.**

Court of Appeals of Arizona.

Jan. 17, 1967.

Gorey & Ely, by Stephen S. Gorey, Phoenix, for petitioner.

Fennemore, Craig, Allen & McClennen, by Roger G. Strand, Phoenix, for respondent.

DONOFRIO, Judge.

This case is before the Court on a writ of certiorari to review the lawfulness of the award of the Industrial Commission which denied petitioner a reopening of her industrial claim.

The question presented is whether the award and findings were reasonably supported by the evidence.

The petitioner injured her back in an industrial accident in 1960. She was found to have a 10 percent general physical functional disability. After a formal hearing, which followed a protest of an award finding that petitioner had suffered no loss of earning capacity, the Commission issued an award in 1962, finding that petitioner suffered a loss of earning capacity equal to $45.07 per month as a result of having to work shorter hours due to her physical disability.

Petitioner filed her petition and application for readjustment or reopening of claim in January 1965, alleging that she had been permanently suspended by the employer due to her disability, and is now totally disabled.

Petitioner had been employed at the same plant in the same type of work for twenty years, seventeen or eighteen years of this with the respondent employer. She testified that during that time she was assigned to the casings department, where she washed and prepared sausage casings for stuffing, wrapped chili, worked at packaging lard and folding lard boxes, washed ham forms, and occasionally put on casings as a stuffer. Petitioner was earning $2.77 per hour on this job. She testified that before her injury she had no physical limitations, but after her injury she couldn't hang weiners because she couldn't reach up as far as it was necessary to reach in order to perform this work. She stated she was able to hang chorizo, which could be hung on a lower rack. There was testimony that the company produced only a small amount of

chorizo in comparison with the amount of weiners they produced, so that chorizo hanging required approximately an hour and a half of time three days a week, whereas hanging weiners was done on a full-scale basis, requiring six or six and a half hours every working day.

In 1965 Cudahy reorganized its departments in an efficiency move. Cudahy's assistant plant manager, Mr. Acuff, testified that at that time it became necessary to reduce the number of people in the department in which petitioner worked. As a result, each employee in the department had to be able to perform all the duties of the department so the foreman could interchange them when necessary. Petitioner's employment was terminated at the time of the reorganization. Petitioner alleges that since then she has been unable to secure and perform other employment, and consequently is entitled to total disability compensation.

The evidence indicates that the one duty which petitioner could not perform was that of hanging weiners. Petitioner testified:

"Q. Basically or physically, what was involved in hanging weiners; what would you have to do?

"A. You have to take them off the table, put them over your arm, put a stick through them and climb up some of these steps, maybe about 2 steps, I think it is, and hang them upon a rack."

The rack was described as being shoulder high, and each stick was estimated as weighing fifteen to fifteen and a half pounds.

The Commission made findings that petitioner's allegation of further reduction of earning capacity was not supported by the evidence; that she failed to show her employment was terminated because of her inability to perform her duties; that the testimony of the employer established that the termination was at petitioner's request; that the testimony of the union representative was based solely on assumption; that there was no testimony corroborating her allegation of total disability; and that petitioner failed to sustain the burden of proving a reduction in her earning capacity.

Based on these findings the petition to reopen was denied.

It is the opinion of the Court, after a careful examination of the record, that the Commission's findings and award are not supported by reasonable evidence.

The assistant plant manager, Mr. Acuff, testified with regard to petitioner's employment:

"Q. Will you tell us how that employment came to an end?

"A. Briefly, it was decided or she decided she was not able to do all the work that was necessary for her to perform, so as a result she had to leave."

and

"Q. I realize that you have very good relations with your employees and that sort of thing but when we say that she had to leave, the fact is she was fired, wouldn't that be a rough way of saying it?

"A. That would be a rough way. I would rather say she was terminated.

"Q. She was then terminated why?

"A. Because she was not able to perform all work or duties that would normally be assigned to an individual drawing the same rate that she was."

Mr. Acuff was asked if the foreman had ever told him he had observed petitioner's inability to hang weiners. He replied:

"A. I don't recall that he ever told me that. I think for the last several years it has been a foregone conclusion that she couldn't, based on what I know of her and I would assume that they probably didn't ask her because they knew she probably wasn't able to and it probably wasn't necessary before that time to assign her to that job."

Mr. Acuff stated that there were no jobs available for petitioner with Cudahy in which she wouldn't be required to hang weiners.

The petitioner testified that even prior to her injury she had not been required to hang weiners for quite some time, because

she was assigned to the casings room. She stated that the lifting and stretching up involved in hanging weiners, particularly the lifting, bothered her more than her normal duties. She said that she figures this exertion would make her condition worse, and she didn't feel she could try to do it. Petitioner testified that her education ended with the seventh grade. She was 58 years old at the date of the hearing. Following her termination with Cudahy she had applied for work at several places unsuccessfully, and she stated her subsequent earnings had been limited to light housekeeping work for her daughters, and babysitting, for which she received 75 cents to $1.00 per hour.

Mr. Austin, secretary-treasurer of the Meat Cutters & Butchers Union in Phoenix, testified that he is the union representative in this area, and that petitioner was in his jurisdiction. He stated he had discussed petitioner's problem with Mr. Acuff and Mr. Whitcher, the plant superintendent, and that he had been told that petitioner was being terminated because she was unable to do all the jobs required of the female employees in the department. at Cudahy's.

The evidence before the Commission with regard to the reason for termination of petitioner's employment is such that the only reasonable conclusion that can be drawn from it is that the petitioner's employment was terminated because of her physical inability to perform the duties required under the reorganization plan.

■ Mr. Acuff testified that petitioner earned $2.77 per hour at her job with Cudahy. Petitioner testified that after her termination she could earn only 75 cents to $1.00 per hour baby sitting and doing light housekeeping. Her daughter, Mrs. Morgan, who is employed, testified that she paid her mother on occasion for working for her. She stated that she had paid her twenty dollars a week for a three week period of full time work, and pays her $1.00 per hour for part time work. Mrs. Morgan stated this was the rate of pay that other girls had told her they paid for these

services. There is nothing in the record which would in any way reflect upon the credibility of the petitioner or her daughter. We have stated previously that the testimony of an interested witness may not be disregarded by the Commission unless such testimony has been impeached or contradicted or circumstances are such as to cast doubt upon its credibility. Reed v. Industrial Commission, 3 Ariz.App. 597, 416 P.2d 1018 (1966).

■ The evidence concerning the petitioner's earning capacity is such that the only reasonable conclusion that can be drawn from it is that the petitioner has suffered a reduction in her earning capacity due to the disability she suffers as a result of her industrial injury.

The award and findings of the Commission are not supported by the evidence and are set aside.

CAMERON, C. J., and STEVENS, J., concur.