7 Ariz. App. 157 (1968)
436 P.2d 935
INTERNATIONAL METAL PRODUCTS DIVISION OF McGRAW EDISON COMPANY, Petitioner,
v.
INDUSTRIAL COMMISSION of Arizona and Carrie King, Respondents.
No. 1 CA-IC 168.
Court of Appeals of Arizona.
February 15, 1968.
Rehearing Denied March 6, 1968.
Review Denied April 11, 1968.
*158 Shimmel, Hill, Kleindienst & Bishop, by Merton E. Marks, Phoenix, for petitioner.
Robert K. Park, Chief Counsel, by Robert D. Steckner, Phoenix, for respondent The Industrial Commission of Arizona.
Finn & Meadow, by Stephen T. Meadow, Herbert B. Finn, Phoenix, for respondent Carrie King.
STEVENS, Judge.
The employee in the matter before us is Carrie King and the employer is International Metal Products Division of McGraw Edison Company. The employer was insured by a private carrier which participated in all matters before the Industrial Commission. The Industrial Commission rendered its award determining that the employee was entitled to compensation.
The two basic questions before us relate to whether the employee is precluded from securing an award of compensation because she did not "forthwith" report the industrial incident to her employer and whether the facts reasonably support the award of The Industrial Commission.
The employee commenced her employment in 1961 and except for layoffs due to lack of work or to work stoppages beyond her control, she continued in the active employment of the employer to and after 27 May 1964. It is important to remember that 27 May was a Wednesday; that 30 May, Memorial Day, was a Saturday; that Memorial Day was honored in the employer's place of business on Friday 29 May; and that 1 June was Monday. 29 May was not a normal day of work at the employer's business establishment although the record indicates that some employees worked that day on an overtime basis.
On 27 May in the course and scope of her employment, the employee reached upward to secure an evaporative cooler blower, known as a "Wheel", for the purpose of removing the wheel from a stack of such items, so that she could place the same on a machine. The purpose of the placing of the wheel on a machine was to properly balance the same so that when installed, it would operate without vibration. While she was performing this act on behalf of her employer, she felt a sharp pain in the small of her back. This incident occurred during the morning prior to the thirty minute noon lunch break. She continued to perform her work throughout her shift which ended at 4:30 that afternoon. She returned to her employment on Thursday and worked a full shift. By working on Thursday she was entitled to pay for Friday the 29th even though not at the employer's place of business. The employee *159 testified that she was in pain throughout the balance of Wednesday and Thursday but that she did not realize that she had sustained an injury believing that she might have strained a muscle.
On Friday, a non-working day, she saw her personal physician who advised that he believed that she had injured her back, who further advised bed rest and recommended to her that she report the incident to her employer. The employee followed her doctor's directions and when she reported for work on Monday 1 June, she promptly presented herself at the employer's first aid room where the incident was reported. In the meantime she had made no report to her employer although there was ample opportunity during Wednesday and Thursday for her to make such a report, nor did she complain to her fellow employees. Her family was aware of her pain over the weekend. She performed no services on behalf of her employer on 1 June and so far as the record reveals she was still carried as an employee.
After reporting to the first aid room she was sent to a doctor who was retained by the employer on a fee basis. He prescribed for her and she followed his directions. He later referred her to an orthopedic specialist. The orthopedic specialist diagnosed her condition as a lumbosacral sprain with some nerve root irritation and her personal physician concurred in this diagnosis. Both doctors were of the opinion that their diagnosis was consistent with the history heretofore recited in this opinion.
The employee's claim for compensation was filed with The Industrial Commission on 10 June 1964. On 2 June the report of her personal physician was filed with The Industrial Commission and on 17 June the report of the orthopedic specialist was filed with The Industrial Commission.
The employer's insurance carrier, through an adjustment agency, secured a statement from the employee and on 10 June filed a letter with The Industrial Commission which stated in part:
"* * * she secured her own medical attention, we feel that we must disclaim liability based upon claimant's failure to comply with Rule 17 and Rule 59(a) of your Rules of Procedure and also because there does not appear to have been an injury falling within the course of the claimant's employment."
The Industrial Commission took action on 12 June entering findings that by reason of the employee's failure to report to her employer as required by The Industrial Commission Rule 17, and by reason of her failure to avail herself of the services of a doctor employed by the employer as required by Industrial Commission Rule 59 (a), The Industrial Commission was without jurisdiction. In the same document an award was entered that the employee take nothing.
The employee wrote a letter of protest pursuant to Industrial Commission Rule 37. The Industrial Commission properly and promptly informed the employee of the necessity of presenting a request for hearing. Present counsel were employed by her and a timely request for hearing was filed. On 28 July a Commission order was entered reciting, in part:
"This Commission having fully reviewed the file, and all matters hereunto appertaining now enters its Findings and Order Rescinding Previous Non-Compensable Award and directing further benefits.
"ORDER
NOW, THEREFORE, IT IS ORDERED that the Findings and Award for Non-Compensable Cases entered herein on June 12, 1964, be, and the "same is hereby rescinded and accident benefits and compensation directed as may be indicated by law. * * *"
The employer and its insurance carrier then petitioned for rehearing and hearings in relation thereto were held on 7 December 1964 and 10 June 1966. In the interim, and to explain a portion of the lapse of time, it is proper to state that there were unsuccessful settlement negotiations *160 and conflicts in the schedules of the attorneys which delayed the date of the second hearing. A decision was entered by The Industrial Commission followed by a petition for rehearing and an order denying the rehearing. The matter was then brought to this Court for review.
In part, A.R.S. Section 23-908 reads as follows:
"D. When an accident occurs to an employee, the employee shall forthwith report the accident and the injury resulting therefrom to the employer, and any physician employed by the injured employee shall forthwith report the accident and the injury resulting therefrom to the employer and to the commission.
"E. * * * If the accident is not reported by employee or his physician forthwith, as required, * * * no compensation shall be paid for the injury claimed to have resulted from the accident. The commission may relieve the injured person or his dependents from the loss or forfeiture of compensation if it believes after investigation that the circumstances attending the failure on the part of the employee or his physician to report the accident and injury are such as to have excused them." (Emphasis supplied)
Pursuant to the authority contained in A.R.S. Section 23-922, The Industrial Commission has adopted rules. Rule 17, heretofore referred to is a partial quotation of A.R.S. Section 23-908, subsec. D and is as follows:
"17. Injured Employee Must Report Accident:  Whenever an accident occurs to an employee the employee shall forthwith report such accident and the injury resulting therefrom to the employer. See: A.R.S. Sec. 23-908."
Rule 59(a) heretofore referred to is as follows:
"59. Employee Must Follow Treatment: 
"(a) Every employee must submit to and follow the treatment and directions of the attending physician employed by his employer, or where the employer is insured for medical treatment by the employer's insurance carrier. An injured employee will not be permitted to voluntarily change from one hospital to another, or from one doctor to another, without the written authorization of the Commission."
The employer urges that there was no reasonable basis upon which The Industrial Commission could exercise the discretion allowed to it by A.R.S. Section 23-908, subsec. E. The employer further urges that the record does not contain an express finding upon which to base the exercise of discretion. In support of the last proposition, the employer cites LARSON, WORKMEN'S COMPENSATION LAW. On page 259 of Volume 2 of LARSON, we find Section 78.32 which states, in part, as follows:
"More particularly, once the record shows that the required notice has not been given, the fatal effect of this showing must be offset by definite findings showing the kind of excuse or lack of prejudice which will satisfy the statute. The commission cannot remain silent on the issue of excuse or prejudice and leave appellate courts to infer that some excuse must have been found. The burden, of course, is on the employee to prove facts establishing an excuse once a failure to comply with the statute has been shown."
We have examined the file and find that The Industrial Commission did render its decision to relieve the employee from the effects of her failure to report the industrial incident "forthwith". This issue was directly raised and strenuously contested. The contest was presented not only to The Industrial Commission, but also before this Court. Initially The Industrial Commission sustained the employer's position and later revoked its order sustaining that position. It is our opinion that the record before us is clear. We do not express an opinion as to whether there might be situations in other cases *161 not before us where the rule set forth in LARSON might apply. We are not confronted with a situation similar to the one year statute for the filing of claims being A.R.S. Section 23-1061 recently interpreted by the Arizona Supreme Court in Collins v. Industrial Commission, 102 Ariz. 509, 433 P.2d 801 (1967). In our opinion no useful purpose would be served as a matter of precedent in a detailed recitation of the evidence in that each case must be based upon its own facts.
The statutes and rules do not penalize an employee if the employee sees her own physician first. This is made clear by the underscored portions of the statutes hereinbefore quoted. The record discloses cooperation by the employee with the doctors selected by the employer and by The Industrial Commission and the prompt report of the employee's physician. Industrial Commission Rule 59(a) has not been violated.
The employer urges that there was insufficient evidence upon which to base the award in that the evidence presented in favor of the employee was her own testimony coupled with that of members of her family. The employer suggests that The Industrial Commission should have either disregarded this testimony or that it was free to disregard this testimony because of the interest of the witnesses who testified. This position is not well taken. Martin v. Industrial Commission, 75 Ariz. 403, 257 P.2d 596 (1953); Dabbs v. Industrial Commission, 2 Ariz. App. 598, 411 P.2d 36 (1966); Womack v. Industrial Commission, 3 Ariz. App. 74, 412 P.2d 71 (1966); Reed v. Industrial Commission, 3 Ariz. App. 597, 416 P.2d 1018 (1966); and Jeter v. Cudahy Packing Company, 4 Ariz. App. 571, 422 P.2d 402 (1967). The Industrial Commission must evaluate all of the evidence. It may not disregard the evidence of interested witnesses. It may reject such testimony only when it appears that there are matters or circumstances which impair its accuracy. This may arise when the intrinsic character of the evidence or the extrinsic circumstances of the case cast suspicion upon the evidence.
The record contains a medical report dated 20 December 1966 stating, in part:
"Paravertebral fibrositis is present, as is sacroiliac strain. Intensive conservative therapy is again indicated, including traction and physical therapy. If the results of this therapy are unsatisfactory, I would recommend further evaluation, including myelography, in consideration of herniated lumbar disc, and in consideration of possible necessity for surgery, considering the prolonged period of time that this patient has been symptomatic."
This report is quoted for the reason that to this date the issues have been limited to whether the employee has a compensable claim. None of the other issues, as for example, the average monthly wage; accident benefits; an award for total temporary disability; the percentage of physical functional disability resulting from the industrial incident, if any there be; and the award for permanent partial disability, if any there be, have been determined. This recitation is not a limitation upon the area of appropriate inquiry by The Industrial Commission, the only effect of this opinion being to determine that there was an industrial incident within the course and scope of the employment which requires additional examination and award.
Under these circumstances we deem it appropriate to determine one matter of evidence. The employee's claim was processed under her former name of King, that being the name in which her employment records were maintained. In January 1964 she married Marvin Helms but her records were not modified. After the 7 December 1964 hearing someone, apparently an insurance adjuster, took a statement from a person who identified himself as Marvin Helms. This statement was transcribed and the transcript was not signed by Helms. So far as the *162 record discloses, the employee and her attorney were not notified of the taking of the statement and they did not participate therein. A further longhand statement dated 30 December 1964, written in one hand and signed in another, was taken under like circumstances. These were offered in evidence at the 10 June 1966 hearing. Objections were presented thereto and the objections were not ruled upon. These documents are not admissible in evidence before The Industrial Commission and they may not be considered by The Industrial Commission in future hearings upon the foundations which have been laid even though they have been stamped as having been received by The Industrial Commission and are physically within the file.
The Award is Affirmed.
CAMERON, C.J., and DONOFRIO, J., concur.