463 P.2d 90

James D. STRICKLETT, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Allison Steel Manufacturing Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA-IC 286.

Court of Appeals of Arizona, Division 1.

Department A.

Jan. 8, 1970.

Chris T. Johnson, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for The Industrial Commission of Arizona.

Snell & Wilmer, by Burr Sutter, Phoenix, for respondent employer Allison Steel Manufacturing Co.

Robert K. Park, Chief Counsel, Phoenix, for State Compensation Fund.

CAMERON, Judge.

This is a writ of certiorari to review the findings and award of the Industrial Commission of Arizona which determined that the petitioner had suffered a 5% general physical functional disability as the result of an industrial accident and found further that the petitioner had not sustained any reduction in earning capacity as a result of said accident.

The sole issue before this Court is whether the finding by the Commission of no loss of earning capacity is reasonably supported by the evidence.

Petitioner suffered an industrial back injury on 31 August 1965. After extensive medical care including surgery, his condition was declared stationary and on 21 December 1967 the Commission issued its "Finding and Award and Order Pending Determination of Earning Capacity", which ordered the petitioner to make a "sincere, honest and conscientious effort" to find employment. The award further provided:

> "IT IS FURTHER ORDERED that this Commission reserves jurisdiction under the provisions of the Arizona Workmen's Compensation Law to make a final award and determination of compensation for permanent partial disability."

After further proceedings including another medical consultation, a hearing was held on the question of loss of earning capacity. At the hearing the petitioner in his testimony indicated that he had tried to return to work and had been unable to do so because of his back injury. He listed several employers as a basis of his testimony. There was a conflict as to whether he had left employment because of his back injury or for other reasons. His testimony in regard to why he left one employer was: "That has nothing to do with this, that is personal, it wasn't from my back." It was indicated that he quit another employer because of a dispute over pay. In addition the Commission had before it the report of the results of a psychiatric examination which stated:

> "It is my opinion that the patient's alleged back pain and disability is less than he states. I believe that he is more or less unconsciously 'using' it in the service of his survival since he has, by virtue of his marital discontents, lost incentive to continue or resume gainful employment."

Findings of the Industrial Commission must be sustained if they are reasonably supported by the evidence. Tipton v. Industrial Commission, 7 Ariz.App. 39, 435 P.2d 874 (1968), McGill v. Industrial Commission, 82 Ariz. 36, 307 P.2d 1042 (1957).

A review of the file indicates a conflict in the testimony and the decision of the Commission appears to be reasonably supported by the evidence.

The award is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.