489 P.2d 1260

Dennis Jerome HENNING, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,
Hartford Accident & Indemnity Company
(Hartford Insurance Group), Re-
spondent Carrier,
Owl Electric & Plumbing Supply, Inc.,
Respondent Employer.

No. 1 CA–IC 618.

Court of Appeals of Arizona,
Division 1,
Department B.

Oct. 26, 1971.

Rehearing Denied Nov. 16, 1971.

Review Denied Dec. 14, 1971.

Chris T. Johnson, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Industrial Commission of Arizona, Phoenix, for respondent.

Glen D. Webster, Phoenix, for respondents Carrier and Employer.

JACOBSON, Presiding Judge.

In this appeal by Writ of Certiorari, the Court is asked to determine whether the petitioner sustained his burden of proving that his present disability was the result of an industrial injury.

Petitioner contends he suffered a back injury on September 17, 1969 during the course of his employment. He testified that while standing on a ladder he "jarred" himself and then felt a tremendous shock which came down his right leg, but the ensuing pain was not great enough to cause him to stop working. The petitioner testified that within one week thereafter he reported the incident to his immediate supervisor who evidently did not report the injury to the employer. This supervisor was unavailable to testify at the time of hearing. On October 30, 1969 petitioner saw Dr. Frederick Snyder, an orthopedic surgeon who examined him for a leg and back pain. Dr. Snyder diagnosed the back condition as caused by a discogenic disc disease. The history taken by Dr. Snyder during the October 30 visit was silent as to

an industrial injury occurring on September 17, 1969 or at any other time. Thereafter, according to petitioner, his back became worse but he continued to work until January, 1970 when he was hospitalized and two major surgeries were performed.

On October 21, 1970 the Commission issued its Findings and Award for a noncompensable claim. On November 12, 1970 the Commission reconsidered petitioner's claim and then affirmed the October 21st award. From this adverse decision the petitioner has appealed to this Court.

■ The claimant has the burden of establishing his claim by a "reasonable preponderance of the evidence." Aquino v. Industrial Commission, 8 Ariz.App. 444, 447 P.2d 259 (1968). In the present case the petitioner did not persuade the trier of fact by a preponderance of the evidence that an industrial injury occurred on September 17, 1971 or if one did occur that the petitioner's disc problem was causally related to the episode.

A brief review of the evidence supports the Commission's findings. On the date petitioner sustained his purported injury a fellow worker, Cecil Bays, who was working in the general vicinity of the petitioner, testified that he was unaware of the incident and did not hear him complain of any pain. It was not until October 30, 1969 that the petitioner was examined by a doctor. The examining physician, Dr. Snyder, testified that the history of petitioner's visit did not contain any information of an injury on September 17, 1969 or at any other time; yet he testified that it was his office routine to solicit a history from his patients concerning industrial injuries and it was always his procedure to ask a patient if his problems were the result of such an injury. If the patient would have answered affirmatively his report would have so reflected. Dr. Snyder did not learn of the petitioner's claim that

he was injured in an industrial accident on September 17, 1969 until January, 1970 when the patient was hospitalized. In January, 1970 Dr. Snyder also obtained a five-year history of low back pain from the petitioner.

At the hearing Dr. Snyder testified that the petitioner had suffered from a discogenic disc disease or deterioration. In essence the doctor felt that even if a specific trauma had occurred, he could not say that the petitioner's disc condition was more probably than not caused by that trauma. Considering the petitioner's size and years of hard work, Dr. Snyder was of the opinion that the normal wear and tear of life could be the producing cause of the ruptured disc.

■ The Industrial Commission may not disregard the testimony of interested witnesses unless it is inherently improbable or extrinsic circumstances of the case cast suspicion upon it. Dabbs v. Industrial Commission, 2 Ariz.App. 598, 411 P.2d 36 (1966). As indicated from the facts recited above, sufficient factors exist to cast suspicion upon this testimony and therefore the Commission was at liberty to attach such weight to it as it deemed necessary.

The petitioner's contention that respondent's hypothetical question was improper for omitting the "uncontroverted" fact of an injury is immaterial upon considering the Commission's finding that no industrial episode occurred on September 17, 1970.

The findings of the Industrial Commission must be sustained if they are reasonably supported by the evidence. Stricklett v. Industrial Commission, 11 Ariz.App. 195, 463 P.2d 90 (1970). Here there was sufficient evidence to support the Commission's findings that the petitioner had not sustained his burden of proof.

The award is affirmed.

EUBANK and HAIRE, JJ., concur.