503 P.2d 405

**STATE COMPENSATION FUND and Greyhound Lines—West, Petitioners,**

v.

**Herbert A. MOHRMAN, Respondent Employee,**

**The Industrial Commission of Arizona, Respondent.**

**No. I CA–IC 734.**

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 28, 1972.

Rehearing Denied Dec. 20, 1972.

Review Denied Jan. 16, 1973.

Robert K. Park, Chief Counsel, State Compensation Fund, by R. Kent Klein, Phoenix, for petitioners.

Lawrence Ollason, Tucson, for respondent employee.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

CASE, Judge.

By certiorari, petitioners seek review of an award of the Industrial Commission granting the respondent employee compensation for an alleged injury arising out of and in the course of his employment.

Respondent has been an employee of Greyhound Lines for fifteen years. On 21 November 1970, respondent suffered a back injury while lifting a wooden box from the floor. The box weighed approximately 90 pounds.

Respondent sought assistance from a co-employee, Mr. Vern Gray. Mr. Gray testified that he did not see the actual incident but did remember respondent asking for assistance and complaining of back pain on or about the same day of the accident. Gray also recalled that respondent had made no complaints relating to back problems prior to the incident in question.

Respondent sought medical attention a few days after the incident and was seen by different physicians on numerous occasions thereafter. There is conflict in the testimony as to when respondent advised his superiors of the incident and if he related the incident to the examining doctors as part of his medical history. On 11 August 1971, the hearing officer determined that respondent suffered a compensable injury to his back as a result of the lifting incident on 21 November 1970. On 6 October 1971, the Commission affirmed the hearing officer's award. This review by certiorari followed.

The questions presented for review are (1) whether there is reasonable evidence to support the conclusion of the Industrial Commission that there was an occurrence in the course of respondent's employment as he described, and (2) if such occurrence did take place, whether there is reasonable evidence to support the conclusion of the Commission that the respondent had sustained his burden of proof of showing an injury arising out of the occurrence.

■ It is elementary that the findings of the Industrial Commission must be sustained if they can be supported upon any reasonable theory of the evidence, even if we as a reviewing court would reach a different conclusion. Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968); Stricklett v. Industrial Commission, 11 Ariz.App. 195, 463 P.2d 90 (1970).

Petitioners argue that there was not reasonable evidence to support an initial finding that the accident occurred as described by the respondent. We disagree.

Petitioners, in support of their position, cite the lack of corroboration by respondent's fellow employee and respondent's failure to advise his doctors of the accident. It is clear from the testimony that the respondent did unequivocally state that the accident occurred as reflected by the Commission's findings. It is also clear that the testimony of the co-employee Gray could reasonably be viewed as corroboration of the applicant's testimony.

Admittedly, the witness did not see the actual occurrence, but it is abundantly clear from the testimony that he was aware of respondent's back problem at the time of and following the occurrence. He specifically remembers the respondent's complaints and requests for assistance. It should also be noted that Mr. Gray had never heard prior complaints by the respondent.

■ The question of corroboration is similar to the problem faced by this Court in International Metal Products v. Industrial Commission, 7 Ariz.App. 157, 436 P.2d 935, 939 (1968), wherein we held:

"The employer urges that there was insufficient evidence upon which to base the award in that the evidence presented in favor of the employee was her own testimony coupled with that of members of her family. The employer suggests that The Industrial Commission should have either disregarded this testimony or that it was free to disregard this testimony because of the interest of the witnesses who testified. This position is not well taken. Martin v. Industrial Commission, 75 Ariz. 403, 257 P.2d 596 (1953); Dabbs v. Industrial Commission, 2 Ariz.App. 598, 411 P.2d 36 (1966); Womack v. Industrial Commission, 3 Ariz.App. 74, 412 P.2d 71 (1966); Reed v. Industrial Commission, 3 Ariz.App. 597, 416 P.2d 1018 (1966); and Jeter v. Cudahy Packing Company, 4 Ariz.App. 571, 422 P.2d 402 (1967). The Industrial Commission *must evaluate all of the evidence. It may not disregard the evidence of interested witnesses. It may* reject such testimony only when it appears that there are matters or circumstances which impair its accuracy. This *may* arise when the intrinsic character of the evidence or the extrinsic circumstances of the case cast suspicion upon the evidence." (Emphasis theirs)

Under the facts of the present case, we believe it was reasonable for the Commission to consider this testimony as supportive of respondent's claim as to the occurrence.

■ As to petitioners' claim that the respondent failed to inform his physicians of the alleged accident, we are of the opinion that this is irrelevant and certainly not fatal to respondent's case. The Arizona Supreme Court has held that a claimant's failure to tell his physicians, shortly after an alleged accident, of such accident would be immaterial to the issue of whether claimant's testimony established that his injury had been the result of an accident arising out of and in the course of his employment. Schwieterman v. Industrial Commission, 76 Ariz. 58, 258 P.2d 818 (1953).

**450**

After carefully reviewing the record, we are of the opinion that the Commission's finding of an occurrence is reasonably supported by the evidence.

The second question posed by the petitioners is whether the respondent met his burden of proof in showing that a compensable injury was a result of the alleged occurrence. The Commission found in favor of the respondent and we are of the opinion that this finding is also reasonably supported by the evidence. The petitioners rely on Waller v. Industrial Commission, 99 Ariz. 15, 20, 406 P.2d 197, 200 (1965), as supportive of their causation argument. The Court in Waller stated:

"Where the result of an accident is not one which is clearly apparent to a layman, such as the loss of a limb or external lesion, the physical condition of an injured employee after an accident and the causal relation of the accident to such condition usually can only be determined by expert medical testimony. [citation omitted]"

In the instant case, the respondent suffered an injury which is unlike the type of injury referred to by the Court in Waller. A back injury is an apparent and logical result of a lifting accident which could reasonably have been inferred by the Commission.

There was sufficient expert medical testimony to establish the fact of the injury and its extent. There is no conflict in regard to the claim that respondent did have actual physical damage to his back. It is the question of causation which is established by lay testimony, and the lack of expert medical testimony as to causal relationship does not estop the Commission from reaching a logical conclusion that the lifting accident resulted in the complained of injury.

The award is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.