558 P.2d 32

**ELDORADO INSURANCE CO.,** insurer of **Ball, Ball & Brosamer, Petitioner,**

v.

The **INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Phillip C. Robles, Respondent Employee.**

**No. 1 CA–IC 1462.**

Court of Appeals of Arizona, Division 1, Department C.

Dec. 16, 1976.

**668**

Jones, Teilborg, Sanders, Haga & Parks, P.C. by William R. Jones, Jr., Phoenix,

and Arnold, Schneider, Moore & Demaree by Joseph L. Moore, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

DePrima, Aranda & deLeon by John R. Baker, Phoenix, for respondent employee.

## OPINION

FROEB, Judge.

Eldorado Insurance Co. petitions this court to set aside the award of the Industrial Commission on the ground that there is no medical evidence relating the respondent Phillip Robles' back ailment to his accident at work.

The incident occurred on December 16, 1974, while Robles was operating a tamping machine. He either tripped on a rock or stumbled into a small hole. The tamper is used to roll the surface of the ground and weighs over 100 pounds. Robles was walking backward as he pulled it up a hill with the use of a rope. He stated that when the accident happened he heard a "crack" in his back and experienced a small amount of pain, which later intensified. After working for another 15 minutes, he left the site at 3:30 P. M., the end of his shift. On the way home, his pain became worse. He decided to return to the job site to report the incident to his employer, but, returning there, found that everyone had left. His daughter drove him back to the job site the next day, at which time he reported the incident and then went to the emergency room of the hospital for treatment. There was testimony from his family that during the preceding night he complained of pain and was given medication at home.

Although no one else observed the incident related by Robles, there was no evidence to contradict it and it was taken as true by the hearing officer. The fact of the occurrence is not contested by the petitioner on this review.

Robles filed a claim for benefits before the Industrial Commission on December 27, 1974, which was denied by petitioner by Notice of Claim Status on January 21, 1975. Upon request, a hearing was held on July 22, 1975, which resulted in an award determining that the claim was compensable.

The medical evidence at the hearing was tenuous. A treating physician, Vincent G. Natali, M.D., was unavailable as he had moved out of state. Records from his office were forwarded to the Commission, but, upon objection, were not considered by the hearing officer. The only medical evidence consisted of the Physician's Initial Report furnished by Robert C. Weiss, M. D., who examined Robles the morning after the accident at Scottsdale Memorial Hospital.

Petitioner contends that the report of Dr. Weiss is insufficient medical evidence to support the award and, since it is the only medical evidence, we must set the award aside. Respondent states the report is sufficient, but argues that even if it is not no medical evidence is required where the results of an accident are obvious, relying upon previous holdings of this court in *State Compensation Fund v. Mohrman,* 18 Ariz.App. 447, 503 P.2d 405 (1972) and *Estes Corporation v. Industrial Commission,* 23 Ariz.App. 370, 533 P.2d 678 (1975). We find that the report of Dr. Weiss, although short and summary in nature, was sufficient for the hearing officer to find that Robles suffered injury to his back from the accident. In view of this, it is not necessary for us to decide in this case whether we will continue to follow the *Estes* and *Mohrman* cases which Robles contends would allow the award to stand even without expert medical evidence.

■ As we look closely at the Weiss medical report, considered by the hearing officer without objection, we see that it recites a physical examination of Robles was performed by Dr. Weiss some 18 hours after the accident (although the report in-correctly showed the date of injury to be the same as the date of the examination). It mentions Robles' description of the accident and his symptoms thereafter. For the physician's *diagnosis,* it states "low back strain." Although the report was apparently "signed" by Dr. Weiss through the use of a rubber stamp facsimile of his signature, it was not challenged as evidence in the Commission proceedings. The medical report was enough to sustain the hearing officer's determination that the accident caused injury to Robles' back. *Modern Trailer Sales of Arizona, Inc. v. Industrial Commission,* 17 Ariz.App. 482, 498 P.2d 556 (1972); *Norris v. Industrial Commission,* 11 Ariz.App. 50, 461 P.2d 694 (1969). We do not concern ourselves, nor did the hearing officer, with the extent of the injury or ensuing disability, if any, as this is left for subsequent determination by the Commission. Robles was correctly awarded treatment benefits and temporary disability benefits "as provided by law." Absent from the Weiss report, however, is a specific statement that the accident *caused* the "low back strain." This conclusion, however, is reasonably drawn, if not compelled, by the recital of the physician immediately preceding the diagnosis stating that Robles "twisted [his] back today while working power machine . . .." It would be an uncalled-for nicety to require an express statement as to causation where it is so clearly implied. This is not the situation, present in so many workmen's compensation cases, where contradictory opinions as to medical causation are the focus of intense cross-examination by counsel and searching deliberation by the hearing officer. Neither Dr. Weiss nor any other doctor gave testimony in this case, and as a consequence there was no evidence to contradict the written report of the physician.

Since we find sufficient medical evidence of causation, we do not decide if the award could stand by reason of the holdings in the *Estes* and *Mohrman* cases. Yet some comment here is deserved, since these

decisions are called into serious question by petitioner who suggests that they be repudiated. These two cases stand for the proposition, generally stated, that a hearing officer may draw a conclusion as to causation, even where there is no medical evidence on that issue, if causation can be "logically inferred" from the sequence of events and lay testimony.

■ It is, of course, the well-settled, general rule, that where the result of an accident is not one which is clearly apparent to a layman, the physical condition of an injured employee after an accident and the causal relation of the accident to such condition must be determined by expert medical testimony. *McNeely v. Industrial Commission,* 108 Ariz. 453, 501 P.2d 555 (1972); *Lowry v. Industrial Commission,* 92 Ariz. 222, 375 P.2d 572 (1962); *Chalupa v. Industrial Commission,* 17 Ariz.App. 386, 498 P.2d 228 (1972), modified, 109 Ariz. 340, 509 P.2d 610 (1973).

■ The obvious reason for this rule is that lay persons are no better able to testify concerning the functioning of the human body than they are to treat its infirmities. While most lay persons have opinions and theories of their own as to how the human body functions, our courts have decided that, in order to recover compensation, a standard of expert evidence on the subject is required where the injury is not apparent to the layman.

■ With this in mind, how then can we say that a condition of the body may be "logically inferred" unless it is within a very limited category, such as the loss of a limb or external lesion? Most conditions are not diagnosable by "logic"; indeed, what often appears to be "logical" turns out to be something else when studied by a medical expert.

■ The human back is certainly in this category. We doubt that a correct diagnosis of a back condition can be arrived at by a layman in very many instances through "logical inference." Logic without expert knowledge in this field can be tantamount to speculation.

Thus, the *Mohrman* and *Estes* cases have extended the policy of workmen's compensation law to make compensation accessible to the injured workman without the necessity of expert medical opinion, but at the same time have introduced a rule which appears to depart from well-settled principles of proof established in other Arizona workmen's compensation decisions. Whether we should follow them in later cases remains to be seen.

As there was sufficient evidence in this case to sustain the award of the Commission, it is affirmed.

HAIRE, C. J., and JACOBSON, J., concur.