Charles E. WILLHITE, Petitioner,

v.

**FIRST BAPTIST CHURCH/DSA, INC.,** **Sentry Insurance and the Workers' Compensation Court, Respondents.**

No. 77589.

Court of Appeals of Oklahoma, Division No. 3.

Feb. 4, 1992.

Gene Prigmore, Karen J. Leonard, Ada, for petitioner.

Larry C. Brawner, Susan Witt Conyers, Oklahoma City, for respondents.

### MEMORANDUM OPINION

JONES, Judge:

Petitioner Willhite brings this appeal from an order of the Workers' Compensation Court dated April 30, 1991, finding no jurisdiction to reopen the issues on permanent total disability because Willhite sustained no change in condition since the trial court's original order dated December 12, 1990.

Willhite was injured in a work related accident on March 9, 1988. He was awarded benefits based on the court's finding of thirty nine percent (39%) permanent partial disability. Pursuant to the trial court's order, Willhite underwent an evalu-

ation with a vocational rehabilitation expert, LDH, who found he was not a candidate for vocational rehabilitation nor was he able to return to work. On the basis of this information, Willhite moved to reopen, claiming the report is evidence of a change in economic condition for the worse. At the hearing, Willhite stipulated no physical change of condition since the last hearing. The court concluded it had no jurisdiction to proceed further and issued its order based on no change in physical condition. Willhite appeals that order.

Willhite correctly argues that disability under the workers' compensation system has always included an economic as well as a medical component. *Eslinger v. Cole Grain Co.,* 655 P.2d 164 (Okl.Ct.App.1982). But then he isolates the economic component, arguing that economic change alone is sufficient to meet the requirements of 85 O.S. § 28. Evidently, the state of Arizona recognizes change based on economic considerations alone. Although the claimant in *Jeter v. Cudahy,* 4 Ariz.App. 571, 422 P.2d 402 (1967) remained in stable physical condition, her ability to maintain gainful employment had deteriorated since the last hearing. The court held this sufficient to rehear the issues.

In contrast, Oklahoma courts require the claimant to show a change in physical condition before the Workers' Compensation Court may reopen the issues on permanent total disability. *Holliman Drilling Co. v. Herrell,* 397 P.2d 148 (Okl.1964); *Phillips Petroleum Co. v. Clark,* 203 Okl. 561, 224 P.2d 597 (1950); *Osborne v. State Indus. Comm'n,* 188 Okl. 616, 112 P.2d 384 (1941). We follow Oklahoma law and hold that when considering a change in economic condition, a change in physical condition for the worse must also be shown before the Workers' Compensation Court can rehear the issues. The trial court did not make an error of law in refusing to reopen this cause for a change of condition for the worse.

■ On rehearing for change in condition, Claimant must show that his present disability is greater than the disability existing at the time of the last hearing. Willhite was unable to work at the time of the last hearing and has not worked since. The LDH report is not evidence of a change in condition, but is simply new evidence on the same condition.

■ The Claimant has the burden to prove he has undergone a change in condition pursuant to his original work related injury. *National Zinc Co., Inc. v. DeWitt,* 574 P.2d 300 (Okl.1990). Willhite did not meet this burden. We find there was no change of physical condition and there was reasonably competent evidence to support the decision of the Workers' Compensation Court.

SUSTAINED.

HANSEN, V.C.J., and HUNTER, J., concur.