**SPECIAL INDEMNITY FUND, Petitioner,**

v.

**Arturo R. JUAREZ and The Workers' Compensation Court, Respondents.**

**No. 88321.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 10, 1997.

Georgiana Peterson, Henry A. Meyer, III, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, for Petitioner.

Sidney A. Musser, Harry J. Kouri, III, Abel, Musser, Sokolosky, Mares, Burch, Kouri & George, Oklahoma City, for Respondents.

### *OPINION*

GARRETT, Judge:

Respondent, Arturo Juarez (Claimant), filed his Form 3 in the Workers' Compensation Court on May 31, 1991, alleging he sustained an accidental injury arising out of and in the course of his employment with General Motors (Employer), on May 13, 1991. He alleged he injured his neck and right arm in the nature of strain/sprain, bulging disc and ulna nerve damage and that the injury occurred from "using excessive force jerking auto carrier arms". On February 19, 1992, a joint petition settlement was filed, awarding Claimant $9950.00 for 12% permanent partial disability (PPD) to his right arm and 4% PPD to the body.

On May 13, 1992, Claimant filed a Form 3–F against the Petitioner, Special Indemnity Fund (the Fund), alleging 10% whole body impairment from the 1991 injury. The trial court filed an order on October 14, 1992. The court found Claimant was previously impaired 62% PPD to the body as a whole;[1] that by reason of the most recent injury; he sustained 10% PPD to the body as a whole; and that he sustained a material increase of 10% PPD to the body as a whole as a result thereof.

On June 30, 1994, Claimant filed another Form 3–F against the Fund. The May 13, 1991 injury, of 10% whole body impairment, was again shown as the most recent injury. The prior injuries, including prior awards for material increase in disability against the Fund, totaled 92.5% whole body impairment.[2]

On June 7, 1996, the trial court found Claimant's previous impairment was 92.5% PPD to the whole body, and his impairment was 10% to the body as a whole by reason of the latest injury (May 13, 1991) to his neck and right arm.[3] The court also found the following:

1. That by reason of the combination of the above described injuries and disabilities and the material increase in disability of 8 percent occasioned thereby, claimant has sustained 110.5 percent permanent partial disability to the BODY AS A WHOLE, for which the Special Indemnity Fund is liable for payment of compensation to claimant for 40 weeks at $173.00 per week, or the total amount of $6,920.00.

In this review proceeding, the Fund contends the trial court erred (1) when it held the Claimant's total impairment exceeded 100%, with material increase of 8%; and (2) when it included the percentage of disability attributable to the Claimant's change in condition from his 5–23–90 injury, awarded in June, 1994, in the determination of Claimant's "previously impaired" status in this claim against the Fund.

At the hearing on Claimant's claim against the Fund, held June 4, 1996, Claimant's at-

---

1. The trial court found Claimant was previously physically impaired by reason of:
   15% Right Leg—7.5% Body
   15% Left Hand—6% Body
   Both Hands & Arms—18.5% Body
   1972 or 1973—Injury to Back—30% Body

| Date of Injury | Date of Order | Disability/Body Part |
| --- | --- | --- |
| 5–23–90 | 5–10–94 | 12.5% Body (Both legs) |
| SIF | 3–9–93 | 3% Body (MI) |
| 3–25–91 | 11–2–92 | 5% Body (Back) |
| SIF | 10–9–92 | 10% Body (MI) |

3. The trial court found the following injuries rendered Claimant a previously impaired person at the time of the latest injury of May 13, 1991:

| | |
| --- | --- |
| 1973 | —30% BODY AS A WHOLE (BACK) |
| JUNE, 1980 | —18.5% BODY AS A WHOLE (HANDS AND ELBOWS) |
| JANUARY 4, 1988 | —6% BODY AS A WHOLE (LEFT WRIST) |
| MAY 23, 1990 | —7.5% BODY AS A WHOLE (RIGHT LEG) |
| SPIF ORDER—OCTOBER 14, 1992 | —10% MATERIAL INCREASE |
| MAY 23, 1990 | —12.5% BODY AS A WHOLE (RE–OPEN–LEGS) |
| MARCH 25, 1991 | —5% BODY AS A WHOLE (BACK) |
| SPIF ORDER—MARCH 17, 1993 | 3% MATERIAL INCREASE |

2. In addition to the previous impairments from the May 13, 1992 Form 3–F, Claimant included the following:

torney advised the trial court of the relief Claimant was seeking:

> I would advise the Court that what is—what the Court should direct its attention to is there was a previous SIF Order in this case in October of '92, where he was awarded ten percent, but then by 1994, he'd had a Court-adjudicated change of condition and had the other leg operated (sic) since that Order so we're just actually trying to get an additional material increase from that prior ten of October of '92.

The Fund's attorney stated its position as follows:

> Your Honor, it's the Respondent's position that the Claimant's claim is derivative of the claim against the employer for the latest injury—that our liability is derivative of the latest injury in this case. The latest injury is not 5–23–90, but, rather, 3–25–91, which has been adjudicated against the Special Indemnity Fund for a material increase and that's the basis of our denial today.
>
> Claimant is proceeding on the 5–23–90, change of condition. That is a prior impairment which has been adjudicated in Case No.—well, in the October '92, Special Indemnity Fund award.

The Fund argues that at the time of the May 13, 1991 injury, it would be impossible to find Claimant was "previously impaired" because of the 1994 changed condition award, because it had not occurred at that time. In support of its argument, Fund contends that the "reopening" claim does not arise from the latest injury; that it is "non-combinable" so as to render Claimant a previously physically impaired person; and, therefore, jurisdiction was lacking against the Fund, requiring reversal. The Fund also states in its brief, "The trial court should properly have ordered that any impairment arising from this change of condition was not combinable against the Special Indemnity Fund." It also states, "There was no new injury—no "subsequent injury" as required by statute—only a finding that the impairment caused by the back injury had increased with time. Thus, at the time of the most recent injury of May 13, 1991, the reopening adjudication of

12.5% did not exist and cannot serve as a predicate for the finding of prior disability."

Reopening a claim for a change in condition for the worse is addressed at 85 O.S. 1991 § 28:

> Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the Court may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers' Compensation Act, and shall state its conclusions of fact and rulings of law, and the Administrator shall immediately send to the parties a copy of the award. No such review shall effect such award as regards any money already paid.

■ A claimant must prove in a motion to reopen for change in condition that since the prior award, his or her condition has undergone a change in the underlying pathology—that the changed condition is a legitimate consequence of the on-the-job injury. The claimant must produce competent evidence of a causal nexus between the relief sought and the harm attributable to the on-the-job injury. *Bama Pie, Ltd. v. Raes,* 905 P.2d 811 (Okl.1995). The claimant must prove that the disability he or she has now is greater than the disability at the time of the prior hearing. *Willhite v. First Baptist Church/DSA, Inc.,* 826 P.2d 1008 (Okl.App. 1992).

■ Although the change of condition award was in a different Workers' Compensation Court Case number, the Fund has appended a copy of the order, dated May 10, 1994, but filed May 16, 1994, adjudicating the change in condition. The order provides:

> THAT subsequent to that order, claimant sustained a change in physical condition for the worse as a result of the May 23, 1990 injury to the right and left leg (knee) and claimant is now 35 per cent permanently partially disabled, being an increase of 20 per cent permanent partial disability to the right leg (knee) over the pre-existing 15%, and claimant is now 20 per cent permanently partially disabled be-

ing an increase of 5 per cent permanent partial disability to the left leg (knee) over the pre-existing 15% for which claimant is entitled to additional compensation for 62.5 weeks at $173.00 per week or a total of $10,812.50 *of which 17 weeks have accrued* and shall be paid in lump sum of $2,941.00. (Emphasis added).

If 17 weeks had accrued on May 10, 1994, Claimant's condition had changed for the worse on or about January 11, 1994. Thus, at the time of Claimant's "most recent injury" of May 13, 1991, i.e., the injury for which he seeks an award for a material increase against the Fund in this proceeding, there could be no finding that Claimant was previously impaired because of this change in his condition. The requisite "change in the underlying pathology" as a result of his May 23, 1990 injury was unknown at the time which is crucial in *this* proceeding, May 13, 1991. Although the date of May 23, 1990 is given as the date of injury on the reopened case, it is clear from the orders referring to it that the change of condition occurred later. Because of the Supreme Court's definition of change in condition as a change in the underlying pathology since the prior order, we conclude this is a directive that the date the change in condition arose does not relate back to the date of the original injury.

Because Claimant's changed condition, for which 12.5% PPD was assessed, could not serve as part of Claimant's "previous impairment" as of his May 13, 1991 injury, the trial court erred when it included it therein. The trial court's order of June 7, 1996, which contains the finding that "at the time of claimant's latest compensable injury of May 13, 1991, claimant was a previously physically impaired person by reason of ... MAY 23, 1990—12.5% BODY AS A WHOLE (RE-OPEN–LEGS)", impermissibly collaterally attacks the trial court's order of October 14, 1992. See gen., *Special Indemnity Fund v. Baker,* 900 P.2d 465 (Okl.App.1995) (Cert. Denied 1995) (Approved for publication by order of the Supreme Court). The 1992 order also found "*at the time of claimant's latest compensable injury of May 13, 1991,* claimant was a previously physically impaired person" (emphasis added) by reason of disabilities totaling 62%, and did not include the award for the change in condition. Both orders cannot, *in this case,* be correct. Although we foresee the possibility the evidence in a given case against the Fund *could* sustain a finding that an award for a change in condition rendered Claimant "previously impaired", it is not possible in the instant case under the evidence.

The three judge panel's order affirming the trial court's award against the Fund is vacated. It becomes unnecessary to consider the other proposition of error.

ORDER VACATED.

JONES, P.J. and ADAMS, C.J., concur.