NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MARIA DI DONATO, *Petitioner,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

HAGGEN OPERATIONS, *Respondent Employer,*

XL INSURANCE AMERICA, *Respondent Carrier.*

No. 1 CA-IC 16-0055
FILED 4-6-2017

---

Special Action - Industrial Commission
ICA Claim No. 20152-660119
Carrier Claim No. 006206-000210-WC-01
The Honorable Marceline A. Lavelle, Administrative Law Judge

**AFFIRMED**

---

COUNSEL

Maria Di Donato, Anthem
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent*

Lundmark, Barberich, LaMont & Slavin P.C., Phoenix
By R. Todd Lundmark, Danielle Vukonich
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

---

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge John C. Gemmill[1] joined.

---

**J O N E S**, Judge:

¶1　　　Maria Di Donato seeks special action review of a decision upon review issued by the Industrial Commission of Arizona (the Commission).  For the following reasons, we affirm.

### FACTS[2] AND PROCEDURAL HISTORY

¶2　　　Di Donato began working as a bakery clerk for Safeway in 2005.  Haggen Operations bought Safeway in May 2015.  On July 30, 2015, Di Donato stepped on a chair to reach a bowl, stepped down, and later realized she had injured her back.

¶3　　　On August 4, 2015, Di Donato first sought medical treatment for lower back pain; Dr. Jerry Fioramonti prescribed pain medication and released her to return to work on August 15.  Di Donato saw Dr. Fioramonti a week after her first visit, again complaining of low back pain extending into her right leg, and Dr. Fioramonti referred her for an MRI.  Thereafter, Di Donato received two epidural steroid injections, which she admitted "provided some benefit."  XL Insurance accepted Di Donato's claim in September 2015.

¶4　　　Di Donato was referred to Dr. John Beghin for an independent medical evaluation (IME) on January 28, 2016.  At the evaluation, Di Donato complained of low back pain extending upward into her mid-back and downward into both legs.  After reviewing Di Donato's MRI results, Dr.

---

[1]　　　The Honorable John C. Gemmill, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]　　　We view the evidence in the light most favorable to affirming the Commission's findings and awards. *Polanco v. Indus. Comm'n*, 214 Ariz. 489, 490-91, ¶ 2 (App. 2007) (quoting *Roberts v. Indus. Comm'n*, 162 Ariz. 108, 110 (1989)).

Beghin diagnosed Di Donato with disc herniation at the L3-L4 vertebrae, but was unable to attribute the injury "to an industrial incident to a reasonable degree of medical probability." Because Di Donato's symptoms did not correspond with her disc herniation, Dr. Beghin opined "[t]here may be some symptom embellishment" and recommended another MRI. He also indicated further treatment or surgery would not substantially benefit Di Donato and recommended she return to her normal work as a bakery clerk.

¶5            On February 4, 2016, XL Insurance issued a notice of claim status indicating Di Donato had been released to regular duty. That same month, Di Donato underwent a second MRI. After reviewing the results, Dr. Beghin supplemented his original IME to report Di Donato's disc herniation had improved. Although the second MRI revealed "a mild degenerative spondylolisthesis" at the L4-L5 vertebrae, Dr. Beghin could not state with a reasonable degree of medical probability that this condition was causing Di Donato's symptoms. Dr. Beghin concluded that Di Donato had reached maximum medical improvement and permanent and stationary status with a 2% whole-person impairment that did not necessitate work or medical restrictions.

¶6            In March 2016, Di Donato filed a request for hearing protesting the February 2016 notice of claim status. A hearing was held in May 2016. After Di Donato testified, the administrative law judge (ALJ) informed her she had until June 3, 2016, to submit any medical documentation. The ALJ also informed Di Donato of her right to call medical witnesses, but Di Donato did not do so.

¶7            Meanwhile, two days after the hearing, XL Insurance issued another notice of claim status that closed Di Donato's claim effective May 3, 2016. Based on Dr. Beghin's addendum, XL Insurance discharged Di Donato's claim as a permanent disability requiring no compensation because she was released to regular work duty with no restrictions. Because Di Donato did not protest the May 2016 closure of her claim, the ALJ declared in its June 2016 decision upon hearing that the only issue before her was whether Di Donato could return to her pre-injury employment. After reviewing Di Donato's medical records and testimony, the ALJ adopted Dr. Beghin's opinions and issued an order finding Di Donato was not entitled to any disability benefits after January 28, 2016, because she could return to her pre-injury job.

**¶8**         In July 2016, Di Donato filed a request for review of the June 2016 decision upon hearing, relying on an attached letter from Dr. Fioramonti.   In the decision upon review, the Commission found Dr. Fioramonti's letter untimely, as it was introduced after the close of the record on June 3, 2016, and affirmed the June 2016 decision upon hearing.

**¶9**         Di Donato timely petitioned this Court for special action relief.  We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(2),[3] 23-951(A), and Arizona Rule of Procedure for Special Actions 10.

## DISCUSSION

**¶10**         Di Donato argues she should not have been released for regular work duty because she is incapable of returning to her pre-injury employment.[4]   Di Donato's argument amounts to an attack on the sufficiency of the evidence supporting the Commission's decision.  When reviewing a workers' compensation award, we defer to the factual determinations of the ALJ and will not set aside the decision if the evidence reasonably supports it.  *Tabler v. Indus. Comm'n*, 202 Ariz. 518, 522, ¶ 14

---

[3]     Absent material changes from the relevant date, we cite a statute's current version.

[4]     Di Donato also relies on an opinion from Dr. Fioramonti and physical therapy records that were not introduced to the Commission prior to issuance of the decision upon hearing.  "As a general rule, the fact-finding process in workers' compensation claims ends at the conclusion of the last scheduled hearing."  *Epstein v. Indus. Comm'n*, 154 Ariz. 189, 195 (App. 1987) (citing *Wood v. Indus. Comm'n*, 126 Ariz. 259, 262 (App. 1980)).  "In the context of a review of a hearing officer's award, the record contemplated for review is that which was before the hearing officer when he made his original decision," *Releford v. Indus. Comm'n*, 120 Ariz. 75, 78 (App. 1978), and this Court will not consider evidence not previously presented to the ALJ, *Lovitch*, 202 Ariz. at 105, ¶ 15 (citing *Schultz v. Indus. Comm'n*, 44 Ariz. 357, 361 (1934)).

Here, the ALJ allowed Di Donato to introduce post-hearing evidence until June 3, 2016.  Di Donato did not attempt to introduce Dr. Fioramonti's opinion letter until her July 2016 request for review, and did not attempt to present her physical therapy records until her petition for review to this Court.  These materials are untimely and will not be considered on appeal.

(App. 2002) (citing *Vance Int'l v. Indus. Comm'n*, 191 Ariz. 98, 100, ¶ 6 (App. 1998)); *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002) (citing *Salt River Project v. Indus. Comm'n*, 128 Ariz. 541, 544-45 (1981)).

**¶11** Arizona courts have long recognized "the well-settled, general rule, that where the result of an accident is not one which is clearly apparent to a layman, the physical condition of an injured employee after an accident and the causal relation of the accident to such condition must be determined by expert medical testimony." *Eldorado Ins. v. Indus. Comm'n*, 27 Ariz. App. 667, 670 (1976) (citations omitted). However, when a claimant presents medical reports that contain sufficient information that conclusions can be "'logically inferred' from the events and lay testimony," medical testimony is not required. *See id.* at 669-70 (citing *Modern Trailer Sales of Ariz., Inc. v. Indus. Comm'n*, 17 Ariz. App. 482, 486 (1972), and *Norris v. Indus. Comm'n*, 11 Ariz. App. 50, 53 (1969)). If no conflict exists within the medical testimony or documentation, the ALJ is bound to accept the uncontroverted testimony or documentation, but, if the medical evidence conflicts, the ALJ must resolve the conflict. *Hackworth v. Indus. Comm'n*, 229 Ariz. 339, 343, ¶ 9 (App. 2012) (citing *Crystal Bottled Waters v. Indus. Comm'n*, 174 Ariz. 184, 185 (App. 1993)), and then *Stainless Specialty Mfg. Co. v. Indus. Comm'n*, 144 Ariz. 12, 19 (1985)). "We will not disturb the ALJ's resolution of such a conflict 'unless it is wholly unreasonable.'" *Id.* (quoting *Stainless Specialty*, 144 Ariz. at 19).

**¶12** Here, the ALJ reviewed all of Di Donato's medical records from Dr. Fioramonti's medical group for the period of August 2015 through May 2016. The last two records show a diagnosis of back pain with radiation into both legs and treatment consisting of medications, physical therapy, and an MRI referral. The records are silent as to Di Donato's ability to work. The ALJ also reviewed Dr. Beghin's IME and addendum, wherein Dr. Beghin twice opined Di Donato should be released to perform her regular work without restrictions. To the extent Dr. Beghin's medical opinions conflicted with those of Dr. Fioramonti's medical group's, the ALJ resolved the conflict in favor of Dr. Beghin. This resolution is not wholly unreasonable and will not be disturbed on review.

## CONCLUSION

¶13      The Commission's decision upon review affirming the June 2016 decision upon hearing is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA