242 P.2d 286

MARTIN v. INDUSTRIAL COMMISSION et al.
No. 5547.

Supreme Court of Arizona.
March 31, 1952.

Holmes & Morrison, of Tucson, for petitioner.

Robert E. Yount, of Phoenix, for respondent Commission. H. S. McCluskey and Robert W. Pickrell, of Phoenix, of counsel.

UDALL, Chief Justice.

Petitioner, Harriet Alice Busby Martin, by certiorari, has brought before us for review an award of the Industrial Commission of Arizona, respondent insurance carrier, denying her death benefits under the Workmen's Compensation Act. A.C.A. 1939, § 56–901 et seq. Her husband, James Calloway Martin, was fatally injured on May 6, 1950 in an automobile collision at the junction of Baseline Road and McClintock Drive in Maricopa county, Arizona.

The sole question presented is whether the commission erred in its qualified finding that *"the evidence indicates"* death did not occur by an accident arising out of and in the course of decedent's employment. Its refusal to award petitioner death bene-

fits is squarely bottomed on its claimed inability to find any positive evidence that the deceased was engaged in his employment at the time of the fatal accident. It contends that the widow has nothing but mere surmise or conjecture to support her claim and that it is largely based on a presumption as to the scope of employment of the deceased.

The law is well settled that the burden of proving that the accident which resulted in injury or death arose out of and in the course of the person's employment rests upon the petitioner. Tooley v. Weisbarth, 66 Ariz. 230, 186 P.2d 638; Korff v. Charles Luke Const. Corporation, 69 Ariz. 312, 213 P.2d 471. The commission as trier of the facts is not required to disprove it. Lopez v. Kennecott Copper Corp., 71 Ariz. 212, 225 P.2d 702.

Petitioner in support of her claim calls our attention to the broad scope of decedent's employment, hence we will set forth the overall picture. The evidence conclusively establishes that Martin was 69 years of age at the time of his death, had been employed for 35 years by the Clemans Cattle Company and was a trusted employee and foreman of its ranch and feed lots located west of the town of Chandler. He was given a free hand, i. e., his employer delegated to him wide discretion in the management of the ranch, furnished him with a pick-up truck to be used in carrying out his duties, and permitted him to use the truck freely for his personal affairs. His duties required that he make frequent trips away from the ranch to obtain and pay laborers, procure ranch supplies and repair parts for equipment, contact contract labor, and for hunting cattle pasture or strayed animals. He was furnished a home on the ranch and had no regular working hours but was available at all times of the day or night to take care of whatever was needed. The number of employees required to operate the ranch varied, depending upon the amount of work, from two or three to twelve. In compensating these men Martin would make up work time sheets, drive to Florence where the company office was located and obtain a check for the total amount. He would then cash the check and return to the ranch to pay the men. In short he had complete charge of the ranch and accounted to his employer only for the result.

The fact of the fatal accident is not disputed nor is there any dispute as to the petitioner being his widow and sole dependent. The crucial question is whether on the day in question the travel which led decedent to the point where the accident occurred was related to his employment or whether he was on a private venture.

There are but meager details in the record as to the movements of Martin on this fatal Saturday. This lack of evidence is understandable for no one accompanied him on the trip and his lips are closed in death. It was established however, without contradiction: (1) that on Friday, the

day before his death, he had gone to Florence to get the cash for the payroll;

(2) that between three and four p.m. on Saturday, A. W. Hawkins, a stepbrother of petitioner and a constable and deputy sheriff in Mesa, met and had a short conversation with Martin at the intersection of highways south of Tempe, where the latter in parting stated: "Well, Albert, I got to be going. I have a few more boys to pay off";

(3) that Martin had stopped at a tavern on McClintock Drive located about midway between the S. P. overpass and Baseline Road. (The commission makes no claim however that Martin had abandoned his employment by reason of intoxication—nor is there any showing of intoxication);

(4) that one Aida McCardle, then residing in Tempe, made a verified written statement that "shortly before the fatal accident, I overheard J. C. (Jim) Martin make the statement that he was going home because he had things to do and was still working and had to pay some of the men that worked for him";

(5) that Martin was driving the car of his employer and heading in the direction of the ranch and the route he was following was one which he might have reasonably taken on a trip from Mesa or Tempe; and

(6) that the accident occurred at 5:45 p.m. and he died within the hour, without regaining consciousness, at the Southside Hospital in Mesa.

The petitioner contends that under these circumstances a presumption or at least an inference arises to the effect that Martin was within his employment at the time of the accident. For support she relies upon the annotation in 120 A.L.R. 683 and the rule stated therein as follows: "It is generally held that when it is shown that an employee was found dead at a place where his duties required him to be, *or where he might properly have been in the performance of his duties during the hours of his work,* in the absence of evidence that he was not engaged in his master's business, there is a presumption that the accident arose out of and in the course of the employment within the meaning of the compensation acts." (Emphasis supplied.) The cases cited in the annotation from which the above rule was drawn seem to use the terms "presumption" and "inference" interchangeably. In Starkweather v. Conner, 44 Ariz. 369, 38 P.2d 311, 314, the difference between these terms was defined: "There is a great difference between an 'inference' and a 'presumption.' An inference is a deduction drawn from certain facts by the reason, while a presumption is an arbitrary conclusion which the law says must be drawn from certain facts, which conclusion may be either reasonable or unreasonable * * *."

█ █ The legal proof required in these cases in order to sustain the burden may be either direct, circumstantial or presumptive. We believe that the petitioner in the

instant case has adduced enough uncontradicted facts to raise a rebuttable presumption that the deceased was within his employment at the time of the accident, which under all the circumstances of this case is not unreasonable or unfair to the commission. Where there is no evidence produced to rebut this presumption, it is controlling and sufficient upon which to predicate an award. Cf. Federal Mut. Liability Ins. Co. v. Industrial Accident Commission, 94 Cal. App. 251, 270 P. 992.

Since Martin's employment created the necessity for travel, he comes within the rule stated in Harris v. Industrial Commission, 72 Ariz. 197, 232 P.2d 846, 847: "While it is a general rule that an employee is not to be compensated for injury occurring during the journey to or from his place of employment, it is a widely accepted and well-known exception that where the work is of such a nature that it creates the necessity of travel on the part of the employee, or where the employer compensates the employee for travel to and from work, the employee is protected by the Workmen's Compensation Act, * * *."

The commission having no evidence before it rebutting this presumption, it was bound thereby and must give it effect. Wiggins v. Pratt-Gilbert Hardware Co., 48 Ariz. 375, 62 P.2d 124; Stanley v. Moan, 71 Ariz. 359, 227 P.2d 389. We hold that the petitioner has sustained the burden of proof and that the commission erred in disregarding this presumption in arriving at its award.

Award set aside.

STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.