Elzie SALYERS, Appellant,

v.

G. & P. COAL COMPANY and Workmen's
Compensation Board of Kentucky,
Appellees.

Court of Appeals of Kentucky.

May 7, 1971.

M. B. Fields, Hazard, for appellant.

Craft & Haynes, Hazard, for G. & P.
Coal Co.

NEIKIRK, Judge.

Elzie Salyers, a sixty-one-year-old mine foreman for G. & P. Coal Company, filed with the Workmen's Compensation Board a claim for compensation, which was denied. The Breathitt Circuit Court affirmed the order of the Board. It is from this judgment that Salyers appeals. We affirm.

The appellant, during a lunch break, climbed into a fifty- to sixty-foot coal chute of about 50% slope supposedly to punch out coal through the chute doors. The chute was used to load trucks with coal. It was not uncommon for coal to become lodged in the chute, making it necessary for an employee to enter the chute to break up the stoppage. The appellant was seen entering the chute by fellow employees, but no one saw anything happen to him. The appellant was out of sight for about thirty seconds. The employees then noticed that the appellant was trying to pull himself up from the floor of the chute as they could see one of his hands clinging to the side. When it was discovered that he was in some difficulty, they rushed to his aid and took him out of the chute. He was taken to a hospital in Hazard, Kentucky, where he remained for about six weeks. He was then transferred to a hospital in Lexington, Kentucky, where he remained for about a month. He was then taken to his home. He has had no use of his right arm or leg, and at the time of the submission of this case to the Board he was still unable to speak or use his body.

The only evidence in the case was that given on behalf of the appellant. The appellant, being mute, did not testify. No medical evidence was introduced. The evidence established that the appellant entered the chute and that when he was removed he was unable to walk or talk. The appellee coal company took no proof.

The appellant seeks to invoke a presumption that the injury was from an accident which arose out of the employment. He contends that the circumstantial evidence presented a continuous, unbroken connection between his employment and his injury.

Appellant cites Coomes v. Robertson Lumber Company, Ky., 427 S.W.2d 809, and Blair Fork Coal Company v. Blankenship, Ky., 416 S.W.2d 716, in support of

his contentions. In the Coomes case there was medical evidence introduced to show that Coomes had a fractured skull and that he doubtless had been struck in the head by a piece of protruding lumber. In the Blankenship case there was evidence that the employee had met his death by electrocution.

In the instant case no medical evidence was introduced as to the type of injury, if any, that appellant had sustained. There is no evidence of any connection between the work being performed and the complete physical disability suffered by appellant. The appellant did not satisfy the burden of proving that his disability was by accident arising out of his employment. Workman v. Wesley Manor Methodist Home, Ky., 462 S.W.2d 898.

The appellant failed to present sufficient evidence to require the Board to find in his favor. Hutchinson v. Skilton Construction Company, Ky., 417 S.W.2d 142; Wyatt v. Federal Materials Co., Ky., 457 S.W.2d 479.

The judgment is affirmed.

All concur.