FILED BY CLERK

MAY 10 2005

COURT OF APPEALS
DIVISION TWO



IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

JAROSLAV HYPL,                                    )
                                                  )        2 CA-IC 2004-0018
            Petitioner Employee,                  )        DEPARTMENT A
                                                  )
      v.                                          )        O P I N I O N
                                                  )
THE INDUSTRIAL COMMISSION OF                      )
ARIZONA,                                          )
                                                  )
            Respondent,                           )
                                                  )
CPS, INC. FOR LEASED WORKERS                      )
TO COREXPRESS,                                    )
                                                  )
            Respondent Employer,                  )
                                                  )
STATE COMPENSATION FUND,                          )
                                                  )
            Respondent Insurer.                   )
                                                  )
                                                  )
JAROSLAV HYPL,                                    )
                                                  )
            Petitioner Employee,                  )
                                                  )
      v.                                          )
                                                  )
THE INDUSTRIAL COMMISSION OF                      )
ARIZONA,                                          )
                                                  )
            Respondent,                           )
                                                  )
COREXPRESS,                                       )
                                                  )
            Respondent Employer,                  )
                                                  )

SPECIAL FUND DIVISION,  NO )
INSURANCE SECTION, )
)
        Respondent Party in Interest. )
)

SPECIAL ACTION - INDUSTRIAL COMMISSION

ICA Claim Nos. 20030-690035 and 20031-390630

Insurer No. 02-46949

Thomas A. Ireson, Administrative Law Judge

AWARD SET ASIDE

Rabinovitz & Associates, P.C.
  By Bernard I. Rabinovitz                                Tucson
                                Attorneys for Petitioner Employee

The Industrial Commission of Arizona
  By Laura L. McGrory                              Phoenix
                                Attorney for Respondent

State Compensation Fund
  By James F. Crane and Jeffrey L. Patten              Tucson
                      Attorneys for Respondents Employer CPS,
                  Inc. and Insurer State Compensation Fund

Goering, Roberts, Rubin, Brogna, Enos &
Hernandez, P.C.
  By Pamela Treadwell-Rubin and                   Tucson
  Laura M. Huntwork                Attorneys for Respondent Employer
                                  Corexpress

Special Fund Division, No Insurance Section
  By Andrew Wade                              Phoenix
                       Attorney for Respondent Party in Interest

H O W A R D, Presiding Judge.

¶1        In this statutory special action, petitioner/employee Jaroslav Hypl challenges the administrative law judge's (ALJ) decision concluding that Hypl had failed to show that his injury occurred in the course of and arose out of his employment with Corexpress. The ALJ made this determination based, in part, on his conclusion that Hypl was not entitled to the benefit of a presumption. Because we conclude that Hypl may be entitled to a presumption if he can show his injuries occurred during the time and space limitations of his employment, we set aside the award.

¶2        The facts relevant to this special action are undisputed. On May 2, 2002, Hypl accepted a job with Corexpress to transport several barrels of wire from Nogales, Arizona, to El Paso, Texas, a distance of approximately 350 miles. Hypl began the trip at approximately 6:00 p.m. that evening and was instructed to deliver the wire by 6:00 a.m. the next morning. At 6:30 a.m., a half hour past the required delivery time, Hypl was arrested on Interstate 10 near Deming, New Mexico, after a police officer witnessed him driving erratically. At the time of his arrest, Hypl was traveling westbound, *i.e.*, away from El Paso, but had not yet delivered the wire to its destination.

¶3        Presuming Hypl was intoxicated, the officer took him to a police station for booking. After closer examination, the officer realized Hypl was injured and sought medical attention for him. Hypl was taken to a nearby hospital where physicians determined that he

had a skull fracture on the top of his head, blood clots in the frontal and temporal lobes of his brain, and blood in the surface of his brain. He was transported by helicopter to University Medical Center in Tucson, Arizona, for emergency surgery and remained in a coma for over eight hours after the surgery.

¶4        Hypl filed a claim for workers' compensation benefits, which was denied. Hypl requested a hearing and testified at the hearing that he had no memory of the events that had caused his injury. Although he remembered loading the wire onto the truck in Nogales and driving toward Interstate 10, he recalled nothing else until he awoke from the coma after his surgery. The ALJ determined that Hypl had not met his burden of proving the injury had occurred within the course and scope of his employment. The ALJ further concluded that the "unexplained death presumption" had not been extended in Arizona to an applicant who was alive and declined to extend it in this case. Ultimately, the ALJ found the injury noncompensable. The award was affirmed upon administrative review, and this statutory special action followed.

¶5        Hypl argues on review that the ALJ's award is not reasonably supported by the evidence, claiming he was entitled to a presumption that the injury occurred within the course and scope of his employment. On review of an award, we deferentially review an ALJ's factual findings reasonably supported by the record but review the ALJ's legal conclusions de novo. *PFS v. Indus. Comm'n*, 191 Ariz. 274, 277, 955 P.2d 30, 33 (App. 1997).

4

¶6　　　　A compensable injury must both arise out of and occur in the course of employment. A.R.S. § 23-1021(A). The "arising out of" requirement refers to the origin or cause of the injury and is met when the claimant shows a causal relationship between the employment and the injury. *See Murphy v. Indus. Comm'n*, 160 Ariz. 482, 485, 774 P.2d 221, 224 (1989). The "in the course of" requirement is satisfied if the claimant shows the injury occurred during the time, place, and circumstances of the claimant's employment. *Montgomery v. Indus. Comm'n*, 173 Ariz. 106, 108, 840 P.2d 282, 284 (App. 1992). As the claimant, Hypl had the burden of establishing both of these elements. *See Stephens v. Indus. Comm'n*, 114 Ariz. 92, 94, 559 P.2d 212, 214 (App. 1977); *see also Samaritan Health Servs. v. Indus. Comm'n*, 170 Ariz. 287, 289, 823 P.2d 1295, 1297 (App. 1991) ("arising out of" and "in the course of" are separate tests that must both be satisfied). It is not the employer's burden to disprove the statutory requirements. *Lawler v. Indus. Comm'n*, 24 Ariz. App. 282, 284, 537 P.2d 1340, 1342 (1975).

¶7　　　　The unexplained death presumption, however, can shift the burden of producing evidence. *See Martin v. Indus. Comm'n*, 73 Ariz. 401, 404, 242 P.2d 286, 288 (1952); *see also Helton v. Indus. Comm'n*, 85 Ariz. 276, 278-79, 336 P.2d 852, 853 (1959) (adopting "Thayerian rule" concerning presumptions). But the exact factual predicate for and the effect of the unexplained death presumption have not always been clearly stated. In *Martin*, the issue was whether a ranch foreman, who had died in a car accident after leaving a bar while taking care of either business or personal concerns, was covered by

workers' compensation. In that case, our supreme court adopted the unexplained death presumption without so labeling it, saying:

> "It is generally held that when it is shown that an employee was found dead at a place where his duties required him to be, or where he might properly have been in the performance of his duties during the hours of his work, in the absence of evidence that he was not engaged in his master's business, there is a presumption that the accident arose out of and in the course of the employment within the meaning of the compensation acts."

73 Ariz. at 404, 242 P.2d at 288 (emphasis deleted), *quoting* 120 A.L.R. 683. Thus, Arizona's first supreme court case on this issue indicated that the presumption could apply to both the "arising out of" and "in the course of" requirements, after a claimant has shown that he or she meets the place and time restrictions of the employment. After finding the claimant had produced sufficient facts to raise the presumption, the court set aside the award denying Martin's survivors death benefits. *Id*. at 405, 242 P.2d at 289.

¶8 The following year, in an unrelated case that coincidentally involved the same name, our supreme court considered the issue again in *Martin v. Industrial Commission*, 75 Ariz. 403, 257 P.2d 596 (1953). There, a worker died of carbon monoxide poisoning after business hours while in a company truck on the employer's premises; it was unclear why the employee was there. The court stated the sole question was whether the employee had been in the course of his employment because, if so, the poisoning would clearly arise from his employment. The court cited Arthur Larson, *The Law of Workman's*

6

*Compensation* (1989) as the "correct statement of the law" concerning the death presumption:

> "When an employee is found dead under circumstances indicating that death took place within the time and space limits of the employment, in the absence of any evidence of what caused the death most courts will indulge a presumption or inference that the death arose out of the employment."

*Martin*, 75 Ariz. at 411, 257 P.2d at 601, *quoting* 1 Larson, *supra*, § 10.32, at 3-101. Therefore, the second supreme court case, which concerned only the in the course of employment requirement, stated that the death presumption applies to the "arising out of" requirement after the claimant demonstrates that the time and space requirements are met. In that case, however, the court found that the presumption did not apply because sufficient facts concerning the cause of death were known and the commission was entitled to infer from the facts that the claimant had not yet entered into the course of his employment. *Martin*, 75 Ariz. at 411, 257 P.2d at 601.

¶9 In *Downes v. Industrial Commission*, 113 Ariz. 90, 546 P.2d 826 (1976), an employee was killed when the company vehicle he was driving was run over by a 150-ton ore truck. Because the cause of the injury was apparent, the supreme court only needed to decide whether the employee had been within the course of his employment at the time of the accident. Without mentioning the term "death presumption," but citing the first *Martin* case, our supreme court found that certain presumptions applied to the course of employment requirement:

7

There is a presumption that if an employee is injured while on company property during working hours, he is injured while within the scope and course of his employment . . . .

. . . .

There is a further presumption that when a workm[a]n is killed on the job he was, at the time of the fatal accident, within the scope and course of his employment . . . .

*Downes*, 113 Ariz. at 92-93, 546 P.2d at 828-29. The court determined that the employee's heirs had raised a rebuttable presumption that he had died in the course of his employment and set aside the award denying them death benefits. *Id*. at 94, 546 P.2d at 830.

¶10 In *Bennett v. Industrial Commission*, 163 Ariz. 534, 536, 789 P.2d 401, 403 (App. 1990), Division One of this court stated that the presumption may apply to both the course of employment and the arising out of employment requirements: "The unexplained death presumption relaxes a claimant's ordinary burden to prove that death or injury arose out of and in the course of employment." The *Bennett* court then stated that the "presumption arises when a worker's unexplained death occurs within the time and space limits of employment" and quoted Larson's statement that the presumption applies to the arising out of requirement. *Id*. The court followed this analysis by quoting another passage from Larson that discussed applying the unexplained death presumption when a claimant satisfies the in the course of employment requirement:

"The occurrence of the death within the course [*i.e.*, the time and space limits] of employment at least indicates that the employment brought deceased within range of the harm, and the cause of harm, being unknown, is neutral and not personal. The

8

practical justification lies in the realization that, when the death itself has removed the only possible witness who could prove causal connection, fairness to the dependents suggests some softening of the rule requiring claimant to provide affirmative proof of each requisite element of compensability."

*Id*. at 536, 789 P.2d at 403, *quoting* 1 Larson, *supra*, § 10.32, at 3-101 to 3-110.

¶11    Finally, in *Konichek v. Industrial Commission*, 167 Ariz. 296, 806 P.2d 885 (App. 1990), this court did not distinguish between the in the course of employment and the arising out of employment requirements:

The presumption operates to relax a claimant's burden to prove that death occurred *in the course of employment*. Larson explains the rule as follows:

"When an employee is found dead under circumstances indicating that death took place within the time and space limits of the employment, in the absence of any evidence of what caused the death, most courts will indulge a presumption or inference that the death *arose out of* the employment."

*Id.* at 298, 806 P.2d at 887 (emphasis added), *quoting* 1 Larson, *supra*, § 10.32, at 3-100.

¶12    Larson has recognized the difficulty that occurs when doubt exists on whether the employee was in the course of employment at the time of death. After stating that the death presumption applies to the arising out of requirement in the absence of proof of a cause of death, Larson acknowledges that applying the presumption to that requirement "becomes less clear when there is some room for doubt whether the injury even took place in the course of employment." 1 Arthur Larson & Lex K. Larson, *Larson's Workers'*

*Compensation Law* § 7.04(2)(c), at 7-29 (2004). Larson further states: "When . . . the evidence leaves a wide area of uncertainty about the decedent's movements between the last time he or she was seen and the discovery of his or her death, denials have been issued because of the failure to bring the episode within the course of employment in the first place." Larson & Larson, *supra*, § 7.04(2)(c), at 7-30. Larson then cites cases in which sufficient connection to employment has been found and cases in which such a connection has not been found. In each case, at least circumstantial evidence of relation to the course of employment was required in order to invoke the presumption. Larson & Larson, *supra*, § 7.04(2)(c), at 7-30 to 7-35.

¶13 Based on the case law, we conclude that the unexplained death presumption softens both the in the course of employment element and the arising out of employment element. Therefore, in the absence of any contrary evidence, if a claimant proves by a preponderance of the evidence that the decedent was within the time and space limitations of employment when injured, we presume that the injury occurred in the course of employment, *i.e.*, the employee was injured while doing the employer's work and not while on a personal deviation, and that the unexplained injury arose out of the employment.

¶14 In this case, the ALJ correctly noted that the death presumption has never been applied in Arizona to a living claimant. But this presumption developed out of fairness to claimants "when the death itself has removed the only possible witness who could prove causal connection." Larson & Larson, *supra*, § 7.04(2), at 7-22. Hypl's injury has left him

10

unable to remember anything about how he was injured and, thus, has effectively removed the only possible witness who could prove his injury was causally related to his employment. We must therefore determine whether the unexplained death presumption, or a similar type of presumption, should apply in the case of a living claimant who, by reason of the injury, is unable to testify about how he or she was injured.

¶15 First, we note that, in *Downes*, the supreme court stated: "There is a presumption that if an employee is injured while on company property during working hours, he is injured while within the scope and course of his employment." 113 Ariz. at 92, 546 P.2d at 828. But, because the employee there had died at the place of his employment, this statement was merely dictum. Also, the court did not limit its statement to cases in which the circumstances or cause of injury was unknown due to the death or injury. Furthermore, in support of this statement, the court cited *Royall v. Industrial Commission*, 106 Ariz. 346, 476 P.2d 156 (1970), a case in which an employee taking a lunch break in the employee lounge tripped over a co-employee while on her way to make a personal call. In *Royall*, both the circumstances and the cause of the injury were known, and the court found a sufficient connection to the employment without relying on a presumption. In fact, the *Royall* court stated: "There is no 'rule of thumb' that an injury is compensable merely because it was incurred during working hours or because it occurred within the linear measurements of the employer's premises." *Id.* at 349, 476 P.2d at 159. Therefore, we conclude that *Downes* did not extend the death presumption to living claimants.

11

¶16 Although this issue is one of first impression in Arizona, other states have considered similar issues with differing results. One state has applied this presumption in cases comparable to the present one in which the claimant is comatose or otherwise unable to explain the injury. *See Sena v. Cont'l Cas. Co.*, 643 P.2d 622 (N.M. Ct. App. 1982). And several states have extended this presumption to an employee who became ill or comatose at the place of employment but died at a hospital several days later. *See Gen. Accident Fire & Life Ins. Co. v. Sturgis*, 221 S.E.2d 51 (Ga. Ct. App. 1975); *Nettles v. Gulf City Fisheries, Inc.*, 629 So. 2d 554 (Miss. 1993). But other states have rejected applying the unexplained death presumption to a living claimant as an unwarranted extension of the doctrine. *See, e.g.*, *Salyers v. G. & P. Coal Co.*, 467 S.W.2d 115 (Ky. Ct. App. 1971); *see also A.H. Angerstein, Inc. v. Jankowski*, 187 A.2d 81, 85 n.8 (Del. Super. Ct. 1962) ("[O]ur statute does not permit the adoption and utilization of the '[unexplained death] presumption' . . . . It cannot be reconciled with our decided cases . . . ."); *Pinkerton's, Inc. v. Helmes*, 410 S.E.2d 646, 648 (Va. 1991) ("Broadening the use of the [unexplained death] presumption to such an extent [would] significantly alter[ ] the jurisprudence of workers' compensation law.").

¶17 Larson suggests that the same rationale that supports the death presumption would support applying a similar presumption to an injured employee who is unable to relate the circumstances of the injury. Larson notes: "[I]t could be argued that, when the claimants' inability to tell the story is destroyed, not by death, but by its (for this purpose)

12

equivalent in the form of total unconsciousness or inability to communicate, the same presumption should be indulged." Larson & Larson, *supra*, § 7.04(2), at 7-22.

¶18       In considering this issue, we note that Arizona cases have taken an expansive view of the in the course of employment and arising out of employment requirements in order to effectuate the workers' compensation policy of construing the statutes liberally to the employee's benefit. In *Peterson v. Industrial Commission*, 16 Ariz. App. 41, 490 P.2d 870 (1971), a traveling employee spent several hours drinking, conversing, and playing pool before retiring for the evening in a nearby rooming house. He then suffocated to death after his head became stuck in the slats of the headboard as he slept. The *Peterson* court stated that an injury occurs in the course of employment "if the employee is injured while he is doing what a man so employed may reasonably do within a time during which he is employed and at a place where he may reasonably be during that time." *Id*. at 44, 490 P.2d at 873. The court held that the claim was compensable because "a reasonable period of sleep is necessarily incidental to the work of a traveling employee required to take overnight lodging away from his home." *Id*.

¶19       In *Special Fund v. Catalina Trucking Co.*, 134 Ariz. 585, 658 P.2d 238 (App. 1982), the court held that an employee who was severely injured when he interrupted an armed robbery at a service station was covered by the "street risk" doctrine. Furthermore, in *Circle K Store No. 1131 v. Industrial Commission*, 165 Ariz. 91, 796 P.2d 893 (1990), the supreme court held that an unexplained injury occurring within the scope of employment

13

is presumptively compensable. In *Circle K*, the claimant fell for an unexplained reason while throwing out store trash in Circle K's dumpster on her way home. After determining that an unexplained fall is a neutral injury, our supreme court held that, "in the case of a neutral injury, the positional-risk doctrine applies." *Id*. at 96, 796 P.2d at 898. Under the positional risk doctrine, a court presumes that an injury arose out of the employment "'if it would not have occurred *but for* the fact that the conditions and obligations of the employment placed claimant in the position where he was injured.'" *Id*., *quoting* 1 Arthur Larson, *The Law of Workman's Compensation* § 6.50, at 3-6 to 3-7 (1989).

¶20            In order to effectuate the principle that the workers' compensation statutes shall be liberally construed in favor of payment of compensation benefits, *see Bennett*, 163 Ariz. at 536, 789 P.2d at 403, we conclude that a presumption similar to the unexplained death presumption should apply to an injury to a living worker who, due to the injury, is unable to testify about how the injury happened. Thus, an injured worker who proves by a preponderance of the evidence that he or she is unable to remember or to communicate the circumstances and cause of an injury due to the injury and who proves by a preponderance of the evidence that the injury occurred during the time and space limitations of the employment is presumed to have been injured while doing the employer's work, *i.e.*, in the course of the employment, and the injury is presumed to have arisen from the employment in the absence of evidence that the worker was not within the course of the employment or that the injury did not arise from the employment.

14

**¶21** In this case, the ALJ found that Hypl has no memory of the cause of or the events leading to his injury. And neither the employer nor the insurer disputed below that Hypl had suffered amnesia as a result of the injury and cannot remember the events. Therefore, if Hypl can provide a sufficient factual basis to allow an inference that he was injured in the time and space limitations of his employment, he is entitled to a presumption that his injury occurred in the course of and arose out of his employment.

**¶22** The ALJ found that "the preponderance of the evidence presented does not establish [Hypl] was in the course and scope of his employment or that the 'injury' arose out of the employment." But the ALJ then stated: "There[fore], [Hypl] has not met his burden and the claim must be found non-compensable unless there is a presumption in favor of [Hypl] in view of his lack of memory that would soften the requirement of affirmative proof of an injury arising out of and in the course and scope of his employment." We have now adopted that presumption. And, although the ALJ made findings of fact that could indicate he found Hypl had failed to satisfy the time and space limitations necessary to invoke the presumption, neither the exact requirements to invoke the presumption nor the presumption had been defined previously. Accordingly, we cannot say that the ALJ had them in mind when making his findings. Therefore, we set aside the award.

_____
JOSEPH W. HOWARD, Presiding Judge

CONCURRING:

15

_____
J. WILLIAM BRAMMER, JR., Judge


_____
PETER J. ECKERSTROM, Judge