NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOVANKA TODOROVIC, *Petitioner,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

HILTON WORLDWIDE, INC, *Respondent Employer,*

SEDGWICK CLAIMS MANAGEMENT SERVICES INC,
*Respondent Carrier.*

No. 1 CA-IC 14-0048
FILED 5-28-2015

Special Action - Industrial Commission

ICA Claim No.  20130-220463
Carrier Claim No. 30130154900-0001
Layna Taylor, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Robert E. Wisniewski, P.C., Phoenix
By Robert E. Wisniewski
*Counsel for Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*

Klein, Doherty, Lundmark, Barberich & LaMont, P.C., Phoenix
By R. Todd Lundmark
*Counsel for Respondents Employer and Carrier*

---

**MEMORANDUM DECISION**

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

---

**J O H N S E N**, Chief Judge:

**¶1**         This is a special action review of an Industrial Commission of Arizona ("ICA") award for a non-compensable injury.  Jovanka Todorovic argues the administrative law judge ("ALJ") erred by finding her injury did not arise out of and in the course of her employment.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**         Todorovic worked as a housekeeper at a hotel.[1]  While working one afternoon she noticed redness and swelling in her right hand.  A coworker recounted that Todorovic told her that "probably something [had bitten] her when she was cleaning," but Todorovic later testified that at the time, she did not feel pain and had not felt a bug bite.  When her hand was worse the next morning, Todorovic reported her injury to a supervisor and completed an injury report.  The employer sent her to a medical clinic.

**¶3**         At the clinic a physician assistant examined Todorovic and noted "one site of bite" on her middle finger.  The doctor also observed a "[p]uncture wound on the right middle finger."  She diagnosed an infected insect bite, hand cellulitis and possible abscess, then immediately referred Todorovic to a hospital for surgery.  Todorovic was admitted that same day and given intravenous antibiotics.  When her condition did not improve after 24 hours, a physician surgically drained and debrided her finger.

**¶4**         Todorovic filed a workers' compensation claim, which was accepted for benefits. Following an independent medical examination by

---

[1]         Upon review, we view the evidence in the light most favorable to sustaining the ICA award.  *See Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).

Paul M. Guidera, M.D., the carrier rescinded the acceptance and denied the claim. At an ICA hearing that followed, the parties did not present medical testimony but instead submitted the medical records. Finding "the medical evidence is in conflict," the ALJ resolved the conflict "in favor of the opinions of Dr. Guidera," then entered an award of a non-compensable claim. She affirmed the award on administrative review, adding that Todorovic "failed to meet her burden of proof to establish that the precipitating event for her hand infection occurred at work." Todorovic timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2) (2015), 23-951(A) (2015), and Arizona Rule of Procedure for Special Actions 10.[2]

## DISCUSSION

**¶5**      On review of an ICA award, we defer to the factual findings of the ALJ, but review questions of law *de novo*. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003). To be compensable, an injury must arise out of and in the course of employment. A.R.S. § 23-1021(A) (2015). "Arise out of" refers to "the origin or cause of the injury," while "in the course of" refers to "the time, place, and circumstances of the accident in relation to the employment." *Royall v. Indus. Comm'n*, 106 Ariz. 346, 349 (1970). The claimant must prove all the elements of a compensable claim. *Toto v. Indus. Comm'n*, 144 Ariz. 508, 512 (App. 1985).

**¶6**      Todorovic argues the ALJ should have applied the unexplained injury presumption to assist her with her burden of proof. The unexplained injury presumption creates a rebuttable presumption that a claimant was "injured while doing the employer's work." *See Hypl v. Indus. Comm'n*, 210 Ariz. 381, 387, ¶ 20 (App. 2005). It applies, however, only when an injury occurring within the time and space of work itself renders a claimant unable to remember or communicate how the injury occurred. *See id.* Todorovic's finger injury did not prevent her from explaining how she was injured; she recounted the events of the injury to the employer, to the doctors and when she testified at the hearing. Accordingly, the ALJ correctly declined to apply this presumption.

**¶7**      Todorovic, who did not call a medical expert witness at the ICA hearing, argues Guidera's opinion is "medically insufficient" and was based on an incorrect factual foundation. A medical opinion may support

---

[2]      Absent material revision after the date of the events at issue, we cite a statute's current version.

an award when it is based on findings of medical fact. *See Royal Globe Ins. Co. v. Indus. Comm'n*, 20 Ariz. App. 432, 434 (App. 1973). Such findings may come from the claimant's history, medical records, diagnostic tests and examinations. *See, e.g., id.*

¶8 When Guidera examined Todorovic, he took her history, reviewed and summarized the pertinent medical records, and performed a physical examination and testing. He noted in his report:

> The applicant indicates that there was no trauma that preceded the onset of her symptoms. Specifically, she never felt or saw a bug bite her. She doesn't recall having any cuts, scrapes or abrasions at work.

After examining Todorovic, Guidera diagnosed "unexplained cellulitis of the hand." He noted that most people who are bitten by an insect immediately notice the bite and said he found "no evidence in this case to confirm that [Todorovic] . . . sustained an insect bite." He also could not "identify a specific industrial exposure."

¶9 Although the medical records contain a mention of a reported "sudden sharp stinging type of pain," Guidera's opinion that Todorovic had not suffered an insect bite on the job was supported by sufficient medical evidence. *See id.* Guidera credited the history Todorovic provided to him, and we cannot say it was "wholly unreasonable" for the ALJ, in turn, to credit Guidera's opinion in resolving the conflict in the evidence. *See Malinski v. Indus. Comm'n*, 103 Ariz. 213, 217 (1968) (the ALJ, not this court, resolves the conflicts in the evidence); *see also Henninger v. Porter*, 85 Ariz. 184, 189 (1959) ("where the medical evidence is in conflict, the findings of the Commission are binding upon this court").

¶10 Todorovic finally argues that the award lacks the specificity required for review. Although we will not speculate to reconstruct an ALJ's award, *see Post v. Indus. Comm'n*, 160 Ariz. 4, 7 (1989), the ALJ is not required to make specific findings on every issue so long as she resolves the ultimate issues in the case. *See CAVCO Indus. v. Indus. Comm'n*, 129 Ariz. 429, 435 (1981); *see also Pearce Dev. v. Indus. Comm'n*, 147 Ariz. 582, 583 (1985) (ALJ's findings may be implicit in an award). Here the ALJ expressly credited Guidera's opinion, then relied on it in concluding Todorovic failed to prove her injury arose out of and in the course of her employment. Such findings are sufficient.

## CONCLUSION

¶11     The ALJ has the duty to resolve any conflicts in the evidence and to draw any warranted inferences.  In this case, the ALJ found the evidence did not support a bug bite or other break in the skin occurring at work that resulted in Todorovic's injury.  Because there is evidence in the record reasonably supporting the ALJ's award, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama